■ NICHOLAS A. D'AIUTO, JR., Appellant, v DEPARTMENT OF WATER RESOURCES (BUREAU OF WATER SUPPLY) et al., Respondents.—Judgment, Supreme Court, New York County, entered June 30, 1975, unanimously affirmed, without costs and without disbursements. Petitioner, an employee of the City of New York, working in the Bureau of Water Supply, was appointed a probationary foreman after passing a civil service promotional examination for the position. Before the expiration of his probationary period, petitioner was notified that his probationary service was not satisfactory and that he was being returned to his former position of Motor Vehicle Operator. Petitioner then sought in this article 78 proceeding to be reinstated as foreman. Special Term denied the application and dismissed the petition. We affirm. Petitioner asserts that his termination was arbitrary and that he is entitled to a hearing. He further contends that the notice that such action was "a result of an unsatisfactory report submitted by your supervisor" constituted the giving of a reason which raises a question of respondent's good faith, thus warranting a hearing. Petitioner also claims a

violation of the Civil Service Law. There was no charge made of misconduct by petitioner, merely a termination for unsatisfactory service. In the absence of statute or rules to the contrary, the sole requirement in discharging a probationary employee is that the act be done in good faith. Petitioner has not shown a clear legal right to the relief sought, or that respondents acted unreasonably. Nor has he presented evidentiary facts which raise the issue of bad faith, illegality or arbitrary action. This he must do (see *Matter of Delicati v Schechter,* 3 AD2d 19, 23; cf. *Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1 of Towns of Ossining, New Castle & Yorktown,* 34 NY2d 318). A mere belief of bad faith does not satisfy the requirement, or warrant a hearing. Concur—Stevens, P. J., Kupferman, Birns, Lane and Yesawich, JJ.