■ In the Matter of WILLIAM G. WOLTJEN, JR., Appellant, v JOSEPH C. BURKE, as President of the State University College at Plattsburgh, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered June 30, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for reinstatement to a position as a steam fireman at the State University at Plattsburgh. Petitioner received a permanent appointment to a position as a steam fireman at the State University at Plattsburgh on April 18, 1974, subject to a minimum probationary period of eight weeks which was to expire June 13, 1974. Respondents allege that on June 10, a notice of interim evaluation and continuation of probationary status was mailed to the petitioner which advised him that his probationary period was extended to the maximum period of 26 weeks, due to expire on October 16, 1974. Petitioner claims that this notice was not received by him until June 17. During the minimum probationary period petitioner was absent seven days and he was absent a total of 28 days for the entire probationary period. By adding the days absent to the total maximum probationary period of 26 weeks, respondents determined that petitioner's probation ended November 24, 1974. Notice of his termination was given to petitioner on November 20, 1974. In this proceeding, petitioner seeks reinstatement to his position, contending that his dismissal was in violation of the regulations of the Department of Civil Service in that his probationary period had expired without any notice of his termination and, therefore, his dismissal without a hearing was in violation of section 75 of the Civil Service Law. We find no merit in petitioner's contention. Permanent appointments under Civil Service regulations are subject to a probationary period of not less than eight nor more

than 26 weeks (4 NYCRR 4.5 [a]), and the appointment becomes permanent upon the expiration of the minimum period unless the probationer is given written notice prior to the completion of such service that the probationary period is to be extended (4 NYCRR 4.5 [a] [3]). The regulations also provide that any periods of absence during the probationary term may, in the discretion of the appointing authority, be considered as time served in the probationary term, and any such periods of absence not so considered by the appointing authority shall not be counted as time served in the probationary term (4 NYCRR 4.5 [h]). Thus, it is clear that days of absence shall not be considered as part of the probationary period unless the appointing authority exercises discretion to so consider them. We find no indication of such an exercise of discretion in the present case, and, therefore, the period of probation should be measured by the number of days petitioner was actually working at his job. (See *Matter of Albano v Kirby,* 36 NY2d 526, 532.) Petitioner's initial probationary period ended on June 20, 1974, and, since he received notice of continuation of probation on June 17, his position remained subject to the terms of probation for an additional 18 weeks. Petitioner's additional contention that respondents erred in calculating the final ending date of probation is factually incorrect. We conclude that, petitioner having received notice of his termination on November 20, 1974, prior to the end of his probationary period (Nov. 24), Special Term correctly determined that he was legally terminated without the necessity of a hearing. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.