■ In the Matter of GREGORY J. FISCHER, Respondent, v RICHARD D.

HONGISTO, as Commissioner of the Department of Correctional Services of the State of New York, et al., Appellants.—Appeals (1) from a judgment of the Supreme Court at Special Term, entered July 3, 1979 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate him to his position as correction officer trainee and to pay the petitioner the salary and benefits accruing to him as the result of his unlawful termination from the date of his discharge to the date of his reinstatement, and (2) from an order of the same court, entered September 11, 1979, which denied respondents' motion to renew. The petitioner was appointed a correction officer trainee on October 31, 1977 and duly notified that his probationary period would be 52 weeks, the maximum allowable under 4 NYCRR 4.5 (a) (2) (ix), and due to expire October 31, 1978. As the result of an on-the-job injury, the petitioner missed work from May 17, 1978 to June 9, 1978, a period conceded to be 24 calendar days or 16 work days. On August 1, 1978, as a result of the petitioner's unsatisfactory performance of his duties, he was notified that his probationary period was being extended 24 days, to equal the period of time that the petitioner had lost because of his injury. The authority for this extension is 4 NYCRR 4.5 (a) (3) which pertinently provides that the "maximum period of probationary term of any employee shall be extended by the number of work days of his absence, which pursuant to this subdivision are not counted as time served in the probationary term". The petitioner was continued on probation and reassigned to various facilities until November 20, 1978, when in the presence of inmates he was involved in a fight with another correction officer. For this conduct he was notified by letter, the following day, November 21, 1978, that he was terminated effective November 28, 1978. The petitioner did not return to work after November 20, 1978. The dispute herein centers on the extension of the petitioner's probationary period. If the petitioner had served his full probationary period as extended, before his notice of termination, he attained permanency (4 NYCRR 4.5 [a] [3]) and the respondents would have to resort to the proceedings applicable to termination of permanent employees in order to discharge him. If, on the other hand, the petitioner's probationary period had not been fully served, then as a probationer he could be discharged summarily for unsatisfactory performance, by a mere notice. Special Term found that there is no requirement that the extension beyond 52 weeks must be limited to work days following the expiration of the probationary period; and the probationary term being 52 weeks without counting work days, the extension period should be computed on the basis of calendar days. Special Term then determined that the petitioner's probationary term ended November 14, 1978, a date 16 days past 52 weeks, and that the petitioner attained permanency on that date. We disagree. The rationale of the regulation is to add to the expiration date of the probationary period, the same period of time that the petitioner had missed during his probationary period, so that his performance of duty could be fully observed and evaluated for an entire 52-week period. The petitioner having missed 16 work days (amounting to 24 calendar days) during his probationary period, 16 work days may be added to the expiration of his probationary term, as provided in 4 NYCRR 4.5 (h), i.e., that the probationary term of any employee "shall be extended by the number of *work days* of his absence" (emphasis added). A schedule of the petitioner's work days following the expiration of his probationary period on October 31, 1978 reveals that he worked November 1 to November 5, a period of five days; November 9 to November 12, a period of four work days; and November 14, 17, 18, 19 and 20, for a total of only 14 work days (2

work days less than 16) before he was notified of his termination by letter dated November 21, 1978. The notice of extension erroneously described the extension period in terms of calendar days (24). Even if the respondents were held to strict adherence to their own mistaken standard, as expressed in the notice of extension, the termination notice herein still would have been timely (Nov. 21, 1978). The regulation (4 NYCRR 4.5 [h]), however, allows the extension in terms of work days only and that is the standard that must be applied. Therefore, the petitioner had not attained permanency on the date he was notified of his termination and his petition must be dismissed. Judgment reversed, on the law, and petition dismissed, without costs; appeal from order dismissed as moot. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.