■ In the Matter of GERALD S. MAZUR, Respondent-Appellant, v JAMES V. RYAN, as Supervisor of the Town of Tonawanda, et al., Appellants-Respondents. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Respondents appeal from an order denying their motion to dismiss the second, third and fourth causes of action of petitioner's CPLR article 78 petition on objections in point of law (CPLR 7804, subd [f]). Petitioner was granted leave to cross-appeal from the order granting the motion to dismiss the first cause of action, but neither briefed nor argued the propriety of such dismissal. The cross appeal is, therefore, waived (*Lamphear v State of New York,* 91 AD2d 791). After having successfully passed a civil service examination, petitioner was given a probationary appointment to the position of police lieutenant, effective August 5, 1982. The appointment was for a probationary term of from 8 to 26 weeks. On February 7, 1983 the petitioner was notified by the respondent Board of the Town of Tonawanda: that his probationary term was extended until February 19, 1983, due to his absence of 14 working days during the probationary term;

that pursuant to a recommendation of the police chief it had been determined that his job performance was unsatisfactory; and, therefore, that the probationary appointment would terminate on February 18, 1983. Because the respondents viewed the petitioner as a probationary employee, the procedural requirements for terminating a permanent civil servant under section 75 of the Civil Service Law were not followed. This article 78 proceeding seeks review of the termination. So far as the second cause of action is concerned, respondents contend that the probationary term did not end on February 2, 1983 and, therefore, petitioner was not entitled to section 75 protection. Their argument is based on subdivision 4 of rule XIII of the Classified Civil Service Rules applicable to towns within Erie County, which extends "[t]he period of the probationary [term]" by the number of work days of the probationer's absence and which permits the appointing authority, in its discretion, to count as time served absences aggregating up to 10 work days. The petition had affixed, as exhibit B, a resolution from the respondent town board which recited that petitioner had been absent from work 14 days during the probationary term. The accuracy of the resolution with respect to the 14 absences is not controverted. The effective date of petitioner's appointment was Thursday, August 5, 1982. The unadjusted end of the twenty-sixth week, the maximum term of probation, under subdivision 1 of local rule XIII, was Wednesday, February 2, 1983. Under subdivision 4 of rule XIII, the probationary term was thus extended 14 additional days. We interpret subdivision 4 of local Civil Service Rule XIII as extending the probationary term by "work days" because this interpretation serves the purpose of the rule by providing the appointing authority an equal number of days to evaluate the probationer's work performance as it would have had if the probationer had not been absent during the probationary term. Since the town board resolution terminating the petitioner on February 18, 1983 was effective before February 22, 1983, the fourteenth work day following the unadjusted probationary term, termination was proper. Petitioner's argument that he became permanent on February 2, 1983 because the resolution extending the term and terminating petitioner was not adopted until February 5, 1983 is not persuasive. Subdivision 4 of local Civil Service Rule XIII does not require that notice of the extension be given to the probationer (see *Matter of Woltjen v Burke,* 52 AD2d 679). Accordingly, Special Term erred and should have dismissed the second cause of action based on respondents' valid objection in point of law (CPLR 7804, subd [f]). We hold that Special Term was correct, however, in sustaining the third cause of action alleging inadequate supervision during the probationary term. In connection with the fourth cause of action, respondents contend that petitioner failed to establish by evidentiary facts that respondents acted in bad faith in demoting the petitioner. The petition alleges: that the police chief did not fill the lieutenant vacancy within the time required by the applicable labor contract; that the police chief made it known he would abolish the lieutenant position if compelled to appoint any of the top three individuals on the eligibility list; that only after the police union threatened to file a grievance did the police chief fill the vacancy; that the police chief made it known to the police club that he did not desire to appoint petitioner; that prior to petitioner's appointment, for reasons unknown to the petitioner there existed a personality conflict between the police chief and the petitioner; and that the police chief did not counsel the petitioner during his probationary period. No other facts are advanced to support the allegation of bad faith. The petitioner's first four allegations are irrelevant to the issue of whether the termination was in bad faith since no nexus is pleaded between the filling of the vacancy, an event which occurred approximately six months prior to the petitioner's discharge, and petitioner's termination. The fifth allegation, that prior to his appointment, a personality

conflict existed between himself and the police chief, does not specify what the conflict was, stating instead only that it was for "reasons unknown to the petitioner." The sixth allegation, that the police chief did not personally counsel petitioner during his probationary term, also fails to specifically allege how this evidences a bad faith termination. While it is axiomatic that we must assume the truth of a petition's allegations (*Hondzinski v County of Erie,* 64 AD2d 864), mere conclusory allegations are not deemed to be true when examining the sufficiency of a petition against a motion to dismiss on an objection on a point of law. These allegations plead insufficient evidentiary facts or substantial circumstance to sufficiently state a cause of action (see *D'Aiuto v Department of Water Resources,* 51 AD2d 700; *Matter of Matsa v Wallach,* 42 AD2d 1004, affd 34 NY2d 891; *Matter of Pangburn v Plummer,* 36 AD2d 883). (Appeal from order of Supreme Court, Erie County, Joslin, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.