LEOPOLD TOMLINSON, Appellant, v BENJAMIN WARD, as Commissioner of the Department of Correction of the City of New York, et al., Respondents.

Petitioner was appointed a corrections officer on June 1, 1982, on which date his probationary period of one year commenced pursuant to Personnel Rules and Regulations 5.2.1 (a). He was terminated without an evidentiary hearing on June 7, 1983. This CPLR article 78 proceeding was brought to challenge the outright dismissal upon the ground that as petitioner was hired on June 1, 1982, his probationary period ended May 31, 1983. Petitioner alleged that he had not consented to any extension of the one-year period pursuant to Personnel Rules and Regulations 5.2.8. Accordingly, he asserts that by June 7, 1983, he had attained the status of a permanent civil service employee who could not be removed without a hearing pursuant to Civil Service Law § 75.

Respondents' motion to dismiss, pursuant to CPLR 7804 (f), was premised upon the ground that the probationary period is to

be extended by the number of days on pay status that the probationer was not performing the duties of the position (Department of Personnel's Policy and Procedure No. 615-77a, ¶ A.5).

It is undisputed that petitioner was on jury duty for at least 23 days during the probationary period, and thus did not perform his duties. The 23 days may be added to the expiration of the probationary term, as provided in the Rules for the Classified Service of the Department of Civil Service (4 NYCRR 4.5 [f]). Since petitioner was not performing his duties, the probationary period extended 23 days beyond May 31, 1983, so that the June 7 termination occurred while petitioner was still on probation. He therefore could be terminated without a specification of reasons and without a hearing. There is no evidence that the termination was in bad faith.

The purpose of excluding from the probationary term periods during which a probationer is not at work performing his or her duties is not punitive, but rather is the same as that underlying a probationary term in the first instance. It is designed to enable the appointing officer to ascertain the fitness of the probationer and to give the probationer a reasonable opportunity to demonstrate the ability to perform the duties of the office (*Matter of Fischer v Hongisto,* 75 AD2d 973, *appeal dismissed* 53 NY2d 703; *Matter of Going v Kennedy,* 5 AD2d 173, *affd* 5 NY2d 900). The period should be measured by the number of days a probationer is actually working at the job (*Matter of Woltjen v Burke,* 52 AD2d 679). This is made clear by New York City Department of Correction rule 3.20.15, as amended by General Order No. 7, promulgated September 14, 1982: "The period of probationary service for each newly appointed employee *shall* be extended by the number of days the employee does not perform the duties of the position because of sick leave, annual leave, compensatory time, medically monitored duty, absence without leave or suspension from duty without pay."

While the present petitioner was on jury duty he was not "on the job" (Personnel Department rule No. 5.2.2 [b]) and was not "actually working" (*Matter of Woltjen v Burke, supra,* p 680). It follows that the period he was on jury duty should not be included as part of the probationary period.

On June 7, 1983, when the notice of termination was served, petitioner was still a probationary employee who could be dismissed without a specification of the reasons therefor and without a hearing (*Matter of Talamo v Murphy,* 38 NY2d 637).

There is no showing of bad faith. The petitioner has the burden to make such a showing (*see, D'Aiuto v Department of Water Resources,* 51 AD2d 700).

The suggestion in the dissent that the period of time served on jury duty is public duty time and therefore should not be added to the probationary status time is without support in the rules. Such procedure would effectively reduce the period of probationary service for however long one serves on jury duty. This would manifestly defeat the purpose of the probationary period. Concur — Carro, Fein and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum, as follows: I would reverse and deny respondent's motion to dismiss and require the respondent file an answer.

Despite an able argument by counsel for the respondent, and while the matter is not free from doubt, there would seem to be no adequate basis for an extension of the probationary period for the time that the petitioner served on a jury.

The petitioner was appointed as a corrections officer and his probationary period continued for one year thereafter. He was terminated without an evidentiary hearing several days after the one year had expired. However, he had served on a jury for 23 days, and if this be taken into account by deducting it from the period of service, then the respondent was within its authority to dismiss him without a hearing.

While this is not before us, it is alleged that the petitioner was dismissed specifically because of jury service (which would be an improper basis if the question is reached).

Judiciary Law § 519 states that anyone who serves as a juror and who notifies his employer may not be subject to discharge or penalty for the period absent while serving. State employees are not only granted leave of absence to serve on a jury, they are paid and there is no charge against their leave credits for the time spent on jury duty. (Civil Service Rules § 21.9 [4 NYCRR].) Insofar as jury service is encouraged, the petitioner should not be penalized because of it and, therefore, it should not be added to the probationary status time.

Moreover, the rule involved of the City Personnel Director (General Order No. 7) lists for an extension the following: "Sick leave, annual leave, compensatory time, medically monitored duty, absence without leave or suspension from duty without pay."

It can be seen from the language that this is actually personal time and not public duty time, and therefore should not be equated.