■ In the Matter of HERBERT S. RAINEY, Respondent, v ROBERT J. McGUIRE as Police Commissioner of the City of New York, et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Allen Murray Myers, J.), entered May 8, 1984, which granted the petition of petitioner-respondent Rainey and directed that respondents-appellants reinstate Rainey to the position of police sergeant with back pay to September 3, 1982, is reversed, on the law, the petition dismissed, and Police Commissioner McGuire's determination revoking Rainey's probationary appointment as police sergeant is confirmed, without costs.

On September 8, 1981, Police Officer Rainey was appointed as probationary sergeant for a one-year term. The probationary term was to expire at midnight on September 7, 1982. Prior to

his appointment, the Police Department South-Field Internal Affairs Unit (FIAU) began an investigation on May 18, 1981 concerning Rainey's possible financial interest in and/or employment at a tavern in Brooklyn in possible violation of Police Department Patrol Guide § 120-14 and Alcoholic Beverage Control Law §§ 128, 130.

An undercover surveillance of the bar took place during which Rainey was observed to have access to areas of the bar not available to patrons, was once seen escorting a difficult customer out of the bar, and was seen moving stock, disbursing change, pouring drinks and clearing tables. In order not to undermine the FIAU's undercover operation or impede the Police Department's promotional procedures, the Department elected not to postpone Rainey's probationary appointment to sergeant. This permitted the investigation to continue and additional observations were made of Rainey performing various tasks at the bar.

On October 12, 1981, the chief investigator called the Police Department Advocate's office with regard to the preparation of charges and specifications against Rainey. The investigator was advised to first summon Rainey for a departmental interview pursuant to Patrol Guide § 118-9. That interview was scheduled and canceled various times. Subsequently, petitioner's brother, also a member of the Department, was also implicated in activities relating to the same bar, and the process of preparing charges and specifications against Rainey was stayed pending further investigation.

Further evidence was accumulated and after various cancellations of scheduled interviews, the section 118-9 interview finally took place on August 3, 1982. Rainey was advised of the nature of the investigation — his alleged unauthorized and prohibited off-duty employment at the bar. At the interview, Rainey denied pouring drinks for customers, contrary to the observations of the undercover officers. He admitted performing some tasks for the bar but stated he received no financial compensation. On August 4, 1982, charges and specifications against Rainey were prepared accusing him of unauthorized and prohibited off-duty employment and of making false statements at the interview concerning pouring drinks.

As permitted by personnel rules, the Police Department, on August 18, 1982, sought Rainey's written consent to extend his probationary period for six months, pending disposition of his charges. Rainey refused. Later that day, while on duty in a patrol car driven by a probationary officer, Rainey was heard shouting an obscenity in front of the Police Department Internal

Affairs Division building. Patrol Guide § 104-1 (3) prohibits officers from "[e]ngaging in conduct prejudicial to good order, efficiency or discipline of the Department." A complaint dated August 25, 1982 was filed against Rainey grounded on this behavior.

On September 3, 1982, the Police Department revoked Rainey's employment as a probationary sergeant and demoted him to his former rank as police officer, effective midnight of September 6, 1982. Rainey was notified of this decision on September 6, 1982, more than a day before his probationary term was to expire. On September 8, 1982, Rainey was served with charges and specifications and a departmental hearing was held on October 7 and 14, 1982, before an Assistant Trial Commissioner. Prior to a decision on these charges, Rainey commenced this proceeding to vacate the decision demoting him and to direct that he be reinstated as sergeant. Rainey asserted that his demotion was arbitrarily and capriciously based. The proceeding was marked off the calendar pending determination of the charges. On March 28, 1983, the Assistant Trial Commissioner recommended that Rainey be found "Not Guilty" of the charges as they were not supported by sufficient evidence. On May 31, 1983, the Police Commissioner adopted this recommendation.

By decision dated February 23, 1984, Justice Myers granted Rainey's petition and directed that he be reinstated as sergeant. Despite the Police Department's explanation that its decision to terminate Rainey's probationary status was based on its belief that defendant was engaged in an unauthorized and prohibited off-duty occupation and on petitioner's misconduct in shouting an obscenity while on duty, the court below found that the Police Department had acted in bad faith in revoking the probationary status. By order entered December 11, 1984, Justice Myers granted leave to reargue and renew, but nevertheless adhered to his original decision.

Absent a statute or rule to the contrary, a probationary employee may be discharged without a hearing and without a statement of reasons so long as the act is done in good faith and not for constitutionally impermissible purposes. (*Matter of York v McGuire,* 63 NY2d 760, 761; *Matter of Anonymous v Codd,* 40 NY2d 860, 861; *D'Aiuto v Department of Water Resources,* 51 AD2d 700, 701.) Moreover, it is the petitioner who bears the burden of demonstrating respondent's bad faith or illegal or arbitrary action.

In light of this clear standard, we are of the opinion that Special Term's decision was in error. Rainey did not meet his burden of showing that the demotion was made in bad faith. At

the time the Police Department revoked Rainey's employment as a probationary sergeant, it had ample reasonable grounds to believe that Rainey was engaged in an unauthorized and prohibited employment, had lied at an interview on the question of whether he ever served drinks at the bar and had conducted himself in an unprofessional manner when he shouted an obscenity in front of the Internal Affairs Division building while on duty, a fact he never denied. The Police Department had a right to rely on this information in determining whether or not to award Rainey a tenured position as sergeant. Accordingly, the revocation of Rainey's probationary position and his demotion to police officer status were not made in bad faith, and Rainey's petition should be dismissed. Concur — Sandler, J. P., Carro, Bloom and Rosenberger, JJ.