■ In the Matter of MICHELLE J. HOLMES, Appellant, v ALLYN SIELAFF, as Correction Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 31, 1990, which denied petitioner's application, pursuant to CPLR article 78, to annul respondent's determination termi-

nating petitioner's employment as a probationary correction officer and dismissed the proceeding, unanimously affirmed, without costs or disbursements.

Petitioner's claim that her termination was arbitrary, capricious, and in bad faith is not supported by the record. As a general principle, a probationary employee is not entitled to a hearing and may be dismissed without any statement of reason *(Matter of Ramos v Department of Mental Hygiene,* 34 AD2d 925). Termination of a probationary employee is not in bad faith even where, as here, all criminal charges against her are subsequently dropped *(Rizzo v Ward,* Sup Ct, NY County, Mar. 18, 1985, index No. 24468/84, *affd* 116 AD2d 1046). Petitioner has failed to meet her burden of showing that respondent acted in bad faith *(see, Matter of Rainey v McGuire,* 111 AD2d 616). Nor, on this record, was she entitled to a name clearing hearing. Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.