■ In the Matter of DOMINICK ROCCO, Respondent, v RAYMOND W. KELLY, as Commissioner of the New York City Police Department, et al., Appellants. [799 NYS2d 469]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered May 15, 2003, which, in a CPLR article 78 proceeding to annul the determination of respondent Police Commissioner demoting petitioner from the rank of lieutenant to sergeant, denied respondents' cross motion to dismiss the petition as barred by the statute of limitations, and remanded the matter to respondents for a determination as to the legality of their refusal to reinstate petitioner to the rank of lieutenant, unanimously reversed, on the law, without costs, the cross motion granted and the petition dismissed.

Petitioner, a New York City police officer, was arrested and criminally charged on November 26, 1998 in connection with an alleged domestic incident. On the same day, petitioner was placed on modified assignment without a gun or shield. On November 27, 1998, respondent New York City Police Department served petitioner with disciplinary charges that mirrored the allegations in the Criminal Court complaint. On May 5, 1999, petitioner was acquitted of all criminal charges. On February 5, 2001, petitioner, while still on restricted duty due to the pending disciplinary charges, was demoted by respondents to the rank of sergeant. A trial on the disciplinary charges was held on June 27 and 28, 2001. On June 12, 2002, a Deputy Commissioner of Trials found petitioner not guilty, and on July 16, 2002 respondent Commissioner approved that recommendation and directed that "time, pay and benefits for 30 pre-trial suspension days" be restored. No mention was made of petitioner's demotion.

On November 12, 2002, petitioner filed the instant article 78 proceeding seeking reinstatement to the rank of lieutenant and an order permitting him to take a make-up examination for appointment to the rank of captain, which he had not been allowed to take on June 15, 2002 because of his demotion. Supreme Court, in the order appealed from, found the proceeding timely since respondents did not provide an "unambiguously final decision" concerning the demotion until the Commissioner's July 16, 2002 approval of the not guilty finding on the disciplinary charges. Respondents brought this appeal, contending that petitioner's demotion was final and binding as of February 5, 2001.

A CPLR article 78 proceeding against a public body or officer must be commenced within four months "after the determina-

tion to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "An administrative determination becomes 'final and binding' when the petitioner seeking review has been aggrieved by it" (*Matter of Yarbough v Franco*, 95 NY2d 342, 346 [2000]). However, "[i]f an agency has created ambiguity or uncertainty as to whether a final and binding decision has been issued, the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court" (*Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000] [internal quotation marks omitted]).

We find that petitioner's demotion became final and binding on the date it became effective, February 5, 2001. Unquestionably, petitioner was aggrieved from the moment his rank was reduced and he does not argue otherwise. We reject Supreme Court's suggestion that respondent somehow created an ambiguity as to the finality of its decision to demote petitioner. Nowhere in the record is there any evidence that petitioner's demotion was on an interim basis, subject to further review or conditioned on a conviction on the still-pending disciplinary charges. There is simply no support for the view that respondents fostered a perception that the demotion was related to, and essentially a result of the pending disciplinary charges, and therefore would not become "final" until the conclusion of the disciplinary proceedings. In fact, the chronology of events—petitioner's acquittal on criminal charges, followed nearly two years later by his demotion, and then five months later by the Commissioner's dismissal of the disciplinary charges—unambiguously shows that the demotion was not dependent in any way on the outcome of the disciplinary proceedings.

Petitioner, however, argues that "the fact that an administrative determination is final for the purpose of its execution does not mean that it is final for judicial review purposes," especially where it "rests upon an empty record," citing *Matter of Yarbough* (95 NY2d at 346-347). He contends that the record of petitioner's demotion was "empty" given the absence of any hearing or explanation, and that judicial review at that juncture would have been meaningless and premature. Only after a full airing of the charges at the disciplinary hearing and a final determination by the Commissioner, according to petitioner, was the record ripe for judicial review of his claim that he should be reinstated to lieutenant.

Petitioner's reliance on *Yarbough* is misplaced. In that case, the petitioner tenant defaulted in an administrative proceeding

commenced by the landlord to terminate her tenancy, and her subsequent motion to vacate the default was denied. In holding that the four-month statute of limitations ran from the denial of the motion to vacate, and not from the initial default, the Court of Appeals stated (95 NY2d at 347) that "[b]ecause no meaningful judicial review lies from the default itself, we hold that the [agency's] denial of petitioner's application to vacate the default constitutes the final, binding determination." The Court also noted that the agency's own procedures authorized a motion to vacate based upon good cause shown (*id.* at 346 n).

Here, in contrast, there was no default by a party nor any statutory provision specifically authorizing a reopening of the proceeding. In addition, the administrative scheme here specifically authorized respondents to demote petitioner to his former rank of sergeant without a hearing, notice or stated reason since his probationary period as a newly appointed lieutenant had not yet expired (Personnel Rules & Regs of City of NY [55 RCNY] Appendix A, ¶ 5.2.8 [b] [probationary term extended by number of days probationer does not perform duties of position]; *see Matter of York v McGuire*, 63 NY2d 760 [1984]; *Matter of Holmes v Sielaff*, 182 AD2d 557, 558 [1992] ["(t)ermination of a probationary employee is not in bad faith even where, as here, all criminal charges against her are subsequently dropped"]).

In our view, "meaningful judicial review" (*Matter of Yarbough*, 95 NY2d at 347) was available at the time petitioner was demoted. The record shows that the demotion was not in any way dependent on the outcome of the disciplinary proceedings, and then it was otherwise a final and binding determination that started the four-month statute of limitations running. Since petitioner's article 78 proceeding was not commenced until 21 months after this determination, it was untimely and should have been dismissed (CPLR 217 [1]). Concur—Andrias, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.