■ In the Matter of RICHARD COWAN, Appellant, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [933 NYS2d 20]—

Pursuant to CPLR 217 (1), any proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner. The determination becomes final and binding when the petitioner has received notice of the determination and has been aggrieved thereby (*see Matter of Yarbough v Franco*, 95 NY2d 342 [2000]).

The decision to place petitioner on "No Firearms" status was final on December 2, 2008. Petitioner was forced to check his firearms on that date and to surrender his identification card. Since the ultimate relief petitioner seeks is review and modification of his status, he became aggrieved by and received notice of the respondents' determination on that date (*see Matter of Rocco v Kelly*, 20 AD3d 364 [2005]). The commencement of this article 78 proceeding on or about April 30, 2009, was beyond the four-month period of limitations, and the proceeding was properly dismissed as time-barred.

Petitioner's claim that he was not aggrieved until he received no response from respondents to his memorandum of February 20, 2009, requesting the removal of the "No Firearms" designation from his retiree identification card, is unavailing. Petition-

er's memorandum constituted nothing more than a request for reconsideration of the respondents' determination of his status, and therefore, did not toll or revive the statute of limitations (*see Matter of Moskowitz v New York City Police Pension Fund*, 82 AD3d 473 [2011]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.