In the Matter of ISRAEL SEXTON, Petitioner, v RAYMOND W. KELLY et al., Respondents. [943 NYS2d 516]—

Determination of respondent Raymond W. Kelly, as Police Commissioner of the City of New York, dated March 25, 2009, approving the finding, after a hearing, that petitioner was guilty of failing to notify the Police Commissioner and/or the Legal Bureau of respondent Police Department that he intended to provide character testimony, and did in fact provide testimony, at a trial, and imposing a forfeiture penalty of 15 vacation days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan A. Madden, J.], entered November 9, 2010), dismissed, without costs.

Regardless of whether the proceeding was properly transferred pursuant to CPLR 7804 (g), this Court retains jurisdiction in the interest of judicial economy (*see e.g. Matter of Whyte v Horn*, 38 AD3d 362 [2007]).

The Commissioner's determination—that, pursuant to the Police Department's Patrol Guide Procedure No. 211-09, petitioner was required to give notice of his intention to testify at his cousin's criminal trial, and that he failed to do so—was rational and supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *see also Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]). The Assistant Deputy Commissioner of Trials had a rational basis for finding that petitioner testified in his "official" capacity at the criminal trial, given that he referred to his job as a Police Department Sergeant and the judge in the case referred to him as "Sergeant." The Assistant Deputy Commissioner also had a rational basis for finding that, even if petitioner did not testify in his "official capacity," Patrol Guide Procedure No. 211-09 still applied because petitioner conceded that it was his understanding that he was going to provide character testimony, among other things.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli J.P., Saxe, Moskowitz, Renwick and Freedman, JJ.