OPINION OF THE COURT
Alexander W. Hunter, Jr.
The application by petitioner for an order, pursuant to article 78 of the CPLR, declaring that respondent acted arbitrarily and capriciously and outside the bounds of the law by constructively discharging petitioner’s employment by forcing her to resign her position as interim acting principal, vacating the termination of petitioner’s employment and appointing her to a permanent principal position with respondent, directing respondent to immediately credit petitioner with all manners of leave, and awarding petitioner all lost benefits and past and future income, is denied. Respondent’s cross motion to dismiss the petition, pursuant to CPLR 217, 7804 (f), and 3211 (a) (5) and (7), on the grounds that the petition is time-barred and otherwise fails to state a cause of action, is granted and the proceeding is dismissed as time-barred.
Petitioner is an African-American female, who has been employed by respondent in various positions since 1984. Petitioner worked as an assistant principal for approximately nine years and was tenured in that position. Petitioner was appointed for the 2011-2012 school year as the interim acting principal at PS. 166. A conflict arose between petitioner and Assistant Principal Deborah Forschein during the course of the 2011-2012 school year. At some point during the school year, petitioner received an anonymous letter from a parent warning her about Forschein.
In or around June 2012, Superintendent Esther Klein Friedman recommended that petitioner be appointed the permanent principal of PS. 166 as part of the C-30 process. However, on June 12, 2012, after the completion of the 2011-2012 school year, network leader Elmer Myers advised petitioner that Deputy Chancellor Anthony Conelli was denying petitioner’s appointment as the PS. 166 principal based on his meeting with a small group of parents. Myers allegedly told petitioner that she *984 would be fired if she did not resign and he did email petitioner two samples of resignation letters. On June 13, 2012, petitioner emailed her resignation letter to Friedman.
On or about June 16, 2012, a parent allegedly reported to petitioner that certain ES. 166 parents and Forschein were holding secret meetings, which were about petitioner and racial in nature. On June 18, 2012, petitioner filed a complaint of alleged discrimination with respondent indicating that she was discriminated against on the basis of her race by certain ES. 166 parents and Forschein. Eetitioner alleges that Myers forced her to resign her position as the ES. 166 principal on the basis of this racial discrimination. Subsequently, in or around September 2012, petitioner was appointed supervisor in charge of ES. 19 and then on December 10, 2012, she was appointed interim acting principal.
Eetitioner filed an order to show cause to file a late notice of claim pursuant to Education Law § 3813, which was signed on or about September 25, 2012. On December 4, 2012, petitioner was granted permission to file a late notice of claim and did so file on December 7, 2012. (See Olden-Camiolo v New York City Dept. of Educ., Sup Ct, NY County, Dec. 4, 2012, Engoron, J., index No. 103810/12.) Eetitioner commenced the instant proceeding on December 24, 2012 by filing of notice of petition and verified petition.
A special proceeding is commenced by filing a petition with the clerk of the court, which interposes the claim for statute of limitations purposes. (See CPLR 203 [c]; 304, 7804.) A party must commence a special proceeding under article 78 of the CPLR by filing a petition within four months after the administrative determination to be reviewed becomes final and binding on the aggrieved party. (See CPLR 217 [1]; 304; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom, of City of N.Y., 5 NY3d 30 [2005].) “The determination becomes final and binding when the petitioner has received notice of the determination and has been aggrieved thereby.” (Matter of Cowan v Kelly, 89 AD3d 572, 572 [1st Dept 2011].) An interim acting principal must commence a special proceeding within four months of the date of effective termination of probationary employment. (See Friedland v New York City Dept. of Educ., 39 AD3d 395 [1st Dept 2007]; Kahn v New York City Dept. of Educ., 79 AD3d 521 [1st Dept 2010], affd 18 NY3d 457 [2012].)
The law states that no special proceeding shall be prosecuted or maintained against respondent unless a notice of claim was *985 presented to respondent within three months after the accrual of a claim. (Education Law § 3813.) However, the First Department has recognized an equitable claim exception to the notice of claim requirement. “The First Department has held that equitable claims are not barred by a failure to file a notice of claim pursuant to Education Law § 3813(1), and the Court of Appeals declined to review that branch of the First Department’s decision on appeal.” (Applewhite v NYC Bd. of Educ., 2012 NY Slip Op 32182[U], *3 [Sup Ct, NY County 2012] [citations omitted], citing Kahn v New York City Dept. of Educ., 79 AD3d 521 [2010].) A claim is equitable where a probationary employee asks for reinstatement and to recover lost benefits, as the recovery of benefits is consequent to putting petitioner back in the same shoes. (See Friedland v New York City Dept. of Educ., 2005 WL 5966489 [Sup Ct, NY County 2005], affd 39 AD3d 395 [1st Dept 2007] [no mention of notice of claim in article 78 challenging termination of petitioner’s services as a probationary principal where petitioner sought reinstatement and back pay including benefits]; Matter of Sheil v Melucci, 94 AD3d 766 [2d Dept 2012] [no notice of claim necessary in article 78 where petitioner sought review of the determination terminating her employment and to recover back pay and benefits].)
Regardless of whether petitioner’s final date of employment was June 12, 2013 or June 13, 2013, the instant proceeding was not timely commenced within four months of the date petitioner’s probationary employment was terminated. Petitioner incorrectly asserts that the statute of limitations was tolled from the commencement date of the proceeding to obtain leave of court to file a notice of claim until that consent was obtained pursuant to CPLR 204 (a) and enlarged by 30 days once the late notice of claim was filed. (See Barchet v New York City Tr. Auth., 20 NY2d 1 [1967].) As petitioner is seeking equitable relief, she was not prohibited from commencing the instant proceeding until after filing a notice of claim. To the extent that petitioner is seeking monetary compensation in the form of leave, lost benefits, or past and future income, this relief is ancillary to the equitable relief of reinstatement to a principal position. Accordingly, the instant proceeding is time-barred.
Accordingly, it is hereby, adjudged that application by petitioner for an order, pursuant to article 78 of the CPLR, declaring that respondent acted arbitrarily and capriciously and outside the bounds of the law by constructively discharging petitioner’s employment by forcing her to resign her position as *986 interim acting principal, vacating the termination of petitioner’s employment and appointing her to a permanent principal position with respondent, directing respondent to immediately credit petitioner with all manners of leave, and awarding petitioner all lost benefits and past and future income, is denied; and it is further adjudged that respondent’s cross motion to dismiss the petition, pursuant to CPLR 217, 7804 (f), and 3211 (a) (5) and (7), is granted on the grounds that the instant proceeding is time-barred, with costs and disbursements to respondent.