Matter of Brickhouse v City of New York (2020 NY Slip Op 06699)





Matter of Brickhouse v City of New York


2020 NY Slip Op 06699


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 100256/18 Appeal No. 12393 Case No. 2019-2638 

[*1]In the Matter of Yvette Brickhouse, Petitioner-Appellant-Respondent,
v
City of New York, Respondent-Respondent-Appellant.


Kreisberg & Maitland, LLP, New York (Jeffrey L. Kreisberg of counsel), for appellant-respondent.
James E. Johnson, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent-appellant.



Judgment (denominated an order), Supreme Court, New York County (Alan C. Marin, J.), entered February 22, 2019, which granted the petition, seeking to annul the City's determination, dated October 24, 2017, terminating petitioner's employment and directing the City to reinstate petitioner to her former position of Child Protective Specialist (CPS) for the New York City Administration for Children's Services (ACS), to the extent of directing the City to reinstate her as a probationary CPS, with a probationary period of six months, and directing that, upon reinstatement, petitioner may request a reasonable accommodation for her disabling condition subject to the usual agency rules and procedures, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
Petitioner's probationary period was for 18 months. Pursuant to the Personnel Rules and Regulations of the City of New York (PRR), petitioner's probationary period was "extended by the number of days [she] d[id] not perform the duties of the position," specifically including days spent on annual leave, sick leave, or leave without pay (PRR § 5.28[b]; see Tomlinson v Ward, 110 AD2d 537, 538 [1st Dept 1985], affd 66 NY2d 771 [1985]). Based upon the record presented, the determination that petitioner fell short of completing the probationary period was rational and not arbitrary or capricious or contrary to law (see Matter of Kaufman v Anker, 42 NY2d 835, 836-837 [1977]; Matter of Storman v New York City Dept. of Educ., 95 AD3d 776, 778 [1st Dept 2012], appeal dismissed 19 NY3d 1023 [2012]). There is no basis to accept petitioner's assertion that overtime days should be counted. The probationary period, as noted, was set at 18 months. While the governing rules make provision for extending that period, day-for-day, for days in which the employee is on leave, they simply make no provision for shortening the period, from 18 months to something less, for extra work days beyond the five standard days a week. Indeed, the existing case law has been hesitant to "reduce the period of probationary service" for items such as jury duty (Tomlinson, 110 AD2d at 539).
Petitioner points out that the City initially believed that she was a permanent employee and entitled to reinstatement. The City is not bound by such "administrative error," however (Matter of Beck v Walker, 286 AD2d 996, 996 [4th Dept 2001]). Moreover, the City's position that petitioner was probationary was, as noted, rationally based in the record. In sum, petitioner never completed her probationary period. Consequently, she was not entitled to reinstatement.
Also unavailing is petitioner's argument that ACS failed to reasonably accommodate her disabling condition of scoliosis. As noted, petitioner left ACS of her own accord to work at the City Clerk's office, during a time when ACS was still engaging in an interactive dialogue and attempting to accommodate her disability. The New York City Human Rights Law (City HRL) does not require the City to rehire an employee who voluntarily departed for employment elsewhere. Petitioner's argument that she was entitled to reinstatement in the fall of 2017 is thus unavailing. The record further demonstrates that the City met its obligation under the City HRL to engage in an interactive dialogue with petitioner aimed at finding her a reasonable accommodation in 2016, when she returned from medical leave, up to the time she voluntarily departed to work at the City Clerk's office (see Administrative Code of City of NY § 8-102; Phillips v City of New York, 66 AD3d 170, 176 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020