| Hughes v City of New York |
|:---:|
| 2024 NY Slip Op 31347(U) |
| April 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159747/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARLENE P. BLUTH        PART               14

*Justice*

------------------------------------------------------------------------------X

NAZZARI HUGHES,

                                Petitioner,

                      - v -

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF SOCIAL SERVICES/HUMAN RESOURCES
ADMINISTRATION, DEPARTMENT OF HOMELESS
SERVICES

                               Respondents.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159747/2020 |
| MOTION DATE | N/A[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1 -4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for                 Article 78             .

The petition to reinstate petitioner to her position as a caseworker for respondent New York City Department of Social Services/Human Resources Administration, Department of Homeless Services is denied.

**Background**

Petitioner insists she worked for the Department of Homeless Services ("DHS")[2] as a caseworker starting in May 2019. She was assigned to a shelter facility in Brooklyn. Petitioner claims that she told her supervisors that she had no experience doing casework in a shelter and so she would need training in order to do her job. Petitioner maintains that despite this plea, she never received any training and so it was difficult to meet her job responsibilities. Petitioner

---

[1] The Court is well aware that this proceeding has been pending for years. Although it was only reassigned to the undersigned this week, the Court profusely apologizes, on behalf of the Court system, for the long delay in the resolution of this proceeding.

[2] DHS is an administrative unit within the Department of Social Services.

159747/2020   HUGHES, NAZZARI vs. CITY OF NEW YORK               Page 1 of 4
Motion No.  001

1 of 4

acknowledges that she received an unsatisfactory performance rating in April 2020 and that her supervisor refused to meet with her about this evaluation. She alleges that she was a permanent employee at DHS and that she completed her one-year probationary period.

In opposition, respondents contend that petitioner never achieved permanent status and, instead, was still a probationary employee. They observe that petitioner's probationary period was extended to September 2, 2020 and she was terminated on that day. Respondents detail the extensions of petitioner's probationary period, which included annual and sick leave as well as an agreement between petitioner's union and respondents relating to the COVID-19 pandemic. This agreement included an extension of three months and 17 days to the probationary periods of eligible employees.

Respondents maintain that they had a good faith reason to fire petitioner—her poor performance review. They point out that she received unsatisfactory ratings for both the August through November 2019 time period as well as the November 2019 through February 2020 evaluation period. Respondents claim that petitioner's supervisor then recommended her termination, after which respondents began an investigation into petitioner's performance. Respondents then decided to terminate petitioner's employment.

Petitioner explains in reply that she was not provided with due process procedures under Section 75 of New York's Civil Service Law. She insists that DHS knew she had no prior experience performing the duties of a caseworker and that she was treated unfairly by her supervisors. Petitioner claims that the agreement between her union and the city did not affect her right to seek protection under the Civil Service Law. She argues that although her probationary period was extended, that did not change the fact that she completed a year of service.

**159747/2020   HUGHES, NAZZARI vs. CITY OF NEW YORK**
  **Motion No.  001**

**Page 2 of 4**

Petitioner also submits a reply affidavit in which she insists that her supervisors created a hostile work environment and harassed her. She contends that these supervisors did not make any effort to help her and instead just offered criticism.

**Discussion**

The central question in this proceeding is whether or not petitioner was a probationary employee. Respondents included an agreement that provided, in pertinent part, that:

> "The probationary period for all employees who were in their probationary period (including competitive, non-competitive, and Labor class employees) shall be tolled during this period. Therefore, any employee who was in their probationary period as of March 13, 2020, will have their probationary period automatically extended by 3 months and 17 days. Performance evaluations for probationary employees shall be held in abeyance during this period, and probationary employees will not be issued evaluations from the date of this side letter through June 30, 2020" (NYSCEF Doc. No. 16).

A plain reading of this agreement provision supports respondents' position that petitioner was still a probationary employee on the day she was terminated. Petitioner does not directly dispute that she was still, technically, a probationary employee. Instead, she appears to argue that even though she was still on probation, she was nevertheless entitled to the protections of Civil Service Law § 75 because she had worked for a year. Put another way, petitioner seems to suggest that she met the criteria for certain process protections under the Civil Service Law by working for a year even though she remained a probationary employee.

The Court disagrees with petitioner's interpretation of this extension. She did not cite any caselaw for the proposition that an extension of a probationary period does not simultaneously delay the right to protections under the Civil Service Law (such as a hearing). In fact, courts have often concluded that employees are not entitled to hearings under the Civil Service Law where their probationary periods have been extended (*e.g., Tomlinson v Ward*, 110 AD2d 537, 538, 487 NYS2d 779 [1st Dept 1985] [rejecting a claim for a hearing under the Civil

[* 3]

Service Law on the ground that petitioner remained a probationary employee]). Simply put, because petitioner was a probationary employee at the time she was terminated, this Court must evaluate her termination under that standard.

"A probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law" (*Thomas v City of New York*, 169 AD2d 496, 497-98, 169 AD2d 496 [1st Dept 1991]). Here, there is no basis to find that petitioner was fired in bad faith. Petitioner readily admits that she received underwhelming performance reviews; this constitutes a permissible basis to end petitioner's employment as a probationary employee. That she blames DHS for not properly training her is not a basis to find that her termination was improper.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| | | |
|---|---|---|
| __4/17/2024__ | | ARLENE P. BLUTH, J.S.C. |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159747/2020   HUGHES, NAZZARI vs. CITY OF NEW YORK**                              **Page 4 of 4**
  **Motion No.  001**

[* 4]