Matter of Turner v New York State Off. of Ct. Admin. (2025 NY Slip Op 02175)

Matter of Turner v New York State Off. of Ct. Admin.

2025 NY Slip Op 02175

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Index No. 150739/24|Appeal No. 4096|Case No. 2024-04181|

[*1]In the Matter of Donnie Turner, Petitioner,
v
New York State Office of Court Administration et al., Respondents.

Robin Roach, District Council 37, AFSCME, AFL-CIO, New York (Seth T. York of counsel), for petitioner.
David Nocenti, Office of Court Administration, New York (Robyn L. Rothman of counsel), for respondents.

Determination of respondent New York State Office of Court Administration (OCA), dated September 20, 2023, which found that petitioner violated the Rules of the Chief Judge (22 NYCRR) § 50.1, and imposed a letter of reprimand, a $200 fine, and a two-week suspension without pay, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered May 16, 2024) dismissed, without costs.
OCA's determination was supported by substantial evidence (see Matter of Nelke v Department of Motor Vehs. of the State of N.Y., 79 AD3d 433, 434 [1st Dept 2010]). Petitioner, a court office assistant, admitted that, after his car was rear-ended while he was off duty, he exited his vehicle, reached into the car of the other driver, used his arm to block the driver, removed the keys from the ignition, and returned to his car with the driver's keys. OCA's determination was based not only on hearsay testimony from an investigator at the Inspector General's Office, but also on petitioner's own consistent testimony and admissions.
OCA had a rational basis (Matter of Sexton v Kelly, 95 AD3d 544, 544 [1st Dept 2012]) for concluding that petitioner's conduct violated the Rules of the Chief Judge, as petitioner failed to "avoid impropriety [or] the appearance of impropriety in all [his] activities," to "respect and comply with the law," and to "conduct [his] outside activities in a manner that does not conflict with [his] employment duties" (22 NYCRR 50.1). OCA rationally determined that petitioner's conduct demonstrated a lack of professionalism that was inconsistent with the ethical behavior required of court employees, who "must observe and maintain high standards of ethical conduct in the performance of their duties in order to inspire public confidence and trust in the fairness and independence of the courts" (id.).
The penalty imposed on petitioner is not shocking to one's sense of fairness in light of his unprofessional conduct (see Matter of Rosenblatt v New York City Admin. for Children's Servs., 36 AD3d 458 [1st Dept 2007]).
We have considered petitioner's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025