Matter of Christian v Department of Educ. of the City of New York (2025 NY Slip Op 06272)

Matter of Christian v Department of Educ. of the City of New York

2025 NY Slip Op 06272

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 159994/20|Appeal No. 5195|Case No. 2024-03953|

[*1]In the Matter of Elizabeth Christian, Petitioner-Appellant,
v
The Department of Education of the City of New York et al., Respondents-Respondents.

Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 2, 2024, which, to the extent appealed from as limited by the briefs, denied in part petitioner's CPLR article 78 petition to annul respondent's determination, dated September 30, 2020, discontinuing petitioner's employment; for a declaration that petitioner acquired tenure by estoppel; and retroactive reinstatement to the position of a tenured teacher; and granted in part respondent's cross-motion to dismiss the petition, unanimously reversed, on the law, without costs, the petition granted, the cross-motion denied, and it is declared that petitioner acquired tenure by estoppel.
Petitioner's probationary period as a teacher with the Department of Education was extended by agreement until October 1, 2019, at which point she would either be granted completion of probation, denied completion of probation and/or discontinued, or granted an extension of probation. Prior to completion of that probationary period, petitioner took an approved leave of absence from September 3, 2019 to June 30, 2020. On September 30, 2020, respondents denied petitioner a completion of probation and terminated her employment as of the close of business that day.
Petitioner's leave of absence should be excluded from her probationary period. An employee's probationary term may be extended by the number of days that the probationary employee does not perform the duties of the position (see Tomlinson v Ward, 110 AD2d 537, 538 [1st Dept 1985], affd, 66 NY2d 771 [1985]). Education Law § 3012(3) provides that "no period in any school year for which there is no required service . . . shall in any event constitute a break or suspension of probationary period" (see also Education Law § 2573[15]). Consistent with this provision, petitioner's probation period paused when her leave of absence began on September 3, 2019, and resumed when her leave of absence ended on June 30, 2020. Because petitioner's probationary period was scheduled to end on October 1, 2019, this leaves 21 missed workdays as the remainder of her probationary period, to be applied after her leave of absence expired. Thus, petitioner's termination on September 30, 2020 occurred well after her probationary term was completed.
Petitioner further obtained tenure by estoppel (Matter of McManus v Board of Educ. of Hempstead Union Free School Dist. , 87 NY2d 183, 187 [1995]). As such, petitioner could not be terminated without a hearing pursuant to Education Law § 3020-a.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025