Matter of Cui v City of New York (2026 NY Slip Op 01007)

Matter of Cui v City of New York

2026 NY Slip Op 01007

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 153478/24|Appeal No. 5906|Case No. 2024-06679|

[*1]In the Matter of Lieutenant Benjamin Cui, Petitioner,
vThe City of New York, et al., Respondents.

The Law Firm of Hugh H. Mo, P.C., New York (Hugh H. Mo of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Determination of respondents, dated March 24, 2023, which demoted petitioner from probationary captain to lieutenant effective March 17, 2023, and determination of respondents, dated December 12, 2023, which, after a hearing, approved the finding of the Assistant Deputy Commissioner of Trials that petitioner was guilty of employment discrimination and imposed a penalty of 30 vacation days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Lyle E. Frank, J.], entered on or about October 3, 2024), dismissed, without costs.
Substantial evidence supports respondents' determination that petitioner violated a New York City Police Department policy prohibiting discourteous, disparaging, or disrespectful remarks based on membership in a protected class (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Petitioner admitted that he stated to a group of subordinates that he "prefer[s] two female officers not riding in the same car" and that "a female officer might not be able to handle some situation[s] . . . because most of the female officers don't have upper body strength" and "need a male officer to help in a fight." Furthermore, two other officers who were present testified that petitioner also suggested that two women officers, if partnered together, will "gossip." Based on the testimony of petitioner's two subordinates who witnessed the comments, the NYPD had a rational basis to conclude that he made "disparaging remarks" about women in violation of NYPD procedure (see Matter of Sexton v Kelly, 95 AD3d 544, 544 [1st Dept 2012]). Even assuming petitioner's preference for mixed-gender patrol assignments was grounded in genuine concerns for officer safety and community engagement, the Hearing Officer reasonably concluded that the message petitioner communicated was that women officers cannot handle themselves in the field.
Contrary to petitioner's contention, the NYPD need not prove that petitioner's conduct would be actionable under the New York City Human Rights Law in order to discipline him for making "disparaging" remarks. On the contrary, the Police Commissioner is authorized to discipline officers for violations of NYPD rules and codes of conduct (see Administrative Code of City of NY § 14-115[a]).
Petitioner's challenge to his prehearing demotion from probationary captain to lieutenant is time-barred because he commenced this proceeding more than four months after that decision became final on March 17, 2023. Contrary to petitioner's contention otherwise, the NYPD did not create ambiguity about the finality of the decision or suggest that it was contingent on the hearing outcome, and the letter notifying petitioner of his demotion clearly communicated its effective date (see CPLR 217[1]; Matter of Rocco v Kelly, 20 AD3d 364, 366 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026