■ In the Matter of EUGENE J. COVELLI, Appellant, v. MILTON LUGER, as Commissioner of New York State Narcotic Addiction Control Commission, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered October 9, 1970 in Albany County, which denied petitioner's application and dismissed his petition for reinstatement with back pay in a proceeding under CPLR article 78. On October 23, 1969 appellant was appointed to the position of Senior Community Narcotic Education Representative, subject to a probationary period of 26 weeks. He received two job performance ratings, the first on December 9, 1969 and the second on April 10, 1970. The first report rated his performance as being generally good and recommended that his probationary period be continued. The second rated his performance as unsatisfactory and recommended dismissal at the end of the probationary period for the reason that appellant "has not shown the necessary adjustments or overall development that warrants the continuation of employment as a Senior Community Representative". On or about April 10, 1970 appellant was shown the second report which was signed by his immediate supervisor. By letter dated April 16, 1970 and received on April 17, 1970, appellant's employment was terminated effective April 23, 1970. Subdivision (i) of section 4.5 of the Rules and Regulations of the Department of Civil Service provides that "A probationer whose services are to be terminated for unsatisfactory service shall receive written notice at least one week prior to such termination and, upon request, shall be granted an interview with the appointing authority or his representative". (4 NYCRR 4.5 [i].) It is conceded that the letter of April 16 was not received in time to fulfill the one-week requirement. However, since the purpose of Civil Service Laws and

Rules is to promote the good of the public service, such purpose will not be permitted to "be frustrated by technical or narrow constructions" (*Matter of Rosenberg* v. *Wickham*, 36 A D 2d 881, 882). Therefore, if a petitioner has "been notified previously orally and in writing of his unsatisfactory performance, with specifics, and there has been no showing of prejudice", "the tardiness * *. * of but a few days duration" in receiving notice of termination will be excused (*Matter of Rosenberg* v. *Wickham, supra*, p. 882). Since the required notice is notice of unsatisfactory performance as opposed to notice of termination, as contended by appellant, there has been substantial compliance here and a lack of strict and technical compliance will not create permanent tenure (*Matter of Rosenberg* v. *Wickham, supra*; *Matter of Going* v. *Kennedy*, 5 A D 2d 173, affd. 5 N Y 2d 900). Appellant also alleges that he was not adequately supervised during his probationary period, as required by subdivision (i) of section 4.5 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 4.5 [i]). Special Term held that this contention was without merit. We agree. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.