■ In the Matter of RICHARD H. GREEN, Respondent, v COMMISSIONER OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Pennock, J.), entered October 12, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to permanently reinstate petitioner with back pay to his position with the Department of Environmental Conservation.

When this matter was previously before this court (94 AD2d 872), we concluded that petitioner, who is seeking reinstatement as a senior sanitary engineer in the Department of Environmental Conservation (DEC), a position to which he had been appointed for a probationary term of 26 to 52 weeks, was entitled to a trial of the issue of whether respondent, in terminating him, complied with the provisions of 4 NYCRR 4.5 (a) (5) (iii); this regulation requires the employer "from time to time during the probationary term [to] advise the probationer of his status and progress".

At the trial which was subsequently held, a jury was empaneled for the purpose of answering the following question: "Was [petitioner] sufficiently advised of his employment status and progress from time to time so as to give him a reasonable opportunity to make necessary improvements?"

After hearing testimony from petitioner on his own behalf and his supervisor and the DEC director of personnel on respondent's behalf, the jury concluded that petitioner had not been sufficiently advised. The trial court thereupon ordered petitioner's reinstatement and related relief. Respondent appeals.

As petitioner was a newly appointed probationer and fact issues existed regarding the quality of the evaluation furnished him, a jury determination as to the sufficiency of respondent's compliance with 4 NYCRR 4.5 (a) (5) (iii) was not, as respondent contends, inappropriate (*Tuller v Central School Dist. No. 1*, 40 NY2d 487, 495). We find no merit to respondent's contention that he was deprived of a fair trial by the actions of the trial court in questioning one of respondent's key witnesses.

Absent any showing of bad faith on an employer's part, permanent reinstatement with salary or compensation as permitted by section 77 of the Civil Service Law is not an appropriate remedy for an employer's noncompliance with 4 NYCRR 4.5 (a) (5) (iii). It deprives the appointing authority of the power of selection (see *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430; *Legislative Conference v Board of Higher Educ.,* 38 AD2d 478, 481, affd 31 NY2d 926), frustrates the purpose of the civil service rules, which is to promote the good of

the public service (see *Matter of Covelli v Luger,* 37 AD2d 1042), and more importantly, contravenes the constitutional mandate that civil service appointments be made according to merit and fitness (NY Const, art V, § 6). Granting a probationer an additional probationary period in which to demonstrate competence and fitness would not only be more responsive to a probationer's complaint that the employer's conduct denied him a reasonable chance to exhibit fitness, but, unlike permanent reinstatement, it would not usurp the appointing officer's authority to assess the probationary employee's qualifications.

Judgment modified, on the law, without costs, by reversing so much thereof as directed respondent to permanently reinstate petitioner with back pay as permitted by section 77 of the Civil Service Law, and matter remitted to respondent for imposition of an appropriate probationary period pursuant to 4 NYCRR 4.5. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.