■ In the Matter of SHEILA HARPER, Appellant, v DIRECTOR OF BRONX DEVELOPMENTAL CENTER, Respondent.—Judgment of the Supreme Court, Bronx County (Alfred J. Callahan, J.), entered on June 26, 1986, denying and dismissing the petition herein, is unanimously reversed, on the law, the petition reinstated and the matter remanded for a hearing on the issue of oral notice, without costs or disbursements.

Petitioner Harper was a probationary mental hygiene therapy aide at Bronx Developmental Center at the time of her termination on October 9, 1985. During the course of probation, she was required to take courses in a traineeship program and she failed several of these courses, including medication administration and health issues, deemed an important part of the program by respondent.

On October 1, 1985, respondent, by Richard Wolfe, Chief of Residential Services, allegedly informed petitioner that she would be terminated on October 9, 1985, due to her failure in the above courses. She was also allegedly advised at that time that she could take a remedial medication administration course on October 3rd and her termination would be rescinded if she passed that course. She did not pass this medication administration course and respondent, thereafter, mailed her a letter on October 5th terminating her services effective October 9, 1985. This letter was returned to the respondent by the United States Postal Service and petitioner asserts she did not receive a copy until October 10, 1985, one day after the effective date for termination.

Petitioner does not deny failing the medication administration course or accuse the respondent of bad faith in the termination. She brought this proceeding, however, asserting that the respondent failed to comply with the provisions of 4 NYCRR 4.5 (a) (5) (iii) requiring a probationer who is terminated for unsatisfactory service to receive written notice at least one week prior to such termination.

The Supreme Court credited respondent's statement that petitioner had been given oral notice of termination at least one week prior to the termination date. The court concluded that the combination of this oral notice and the late written notice amounted to substantial compliance with the regulation.

We agree with the court at nisi prius that the combination of the oral notice and tardy written notice, under the circumstances herein, constitutes substantial compliance with 4 NYCRR 4.5 (a) (5) (iii). The primary purpose of the civil service laws and regulations is to promote the good of the public service, and technical and narrow constructions would only frustrate that purpose (see, Matter of Going v Kennedy, 5 AD2d 173, 184, affd 5 NY2d 900; Matter of Covelli v Luger, 37 AD2d 1042).

However, petitioner in her affidavit before the Supreme Court stated that she never received oral notice of either

termination or of unsatisfactory service prior to October 9, 1985. This conflicted with the respondent's assertion in his affidavit by Richard Wolfe that petitioner was apprised orally of her impending termination on October 1, 1985. These conflicting affidavits presented a material triable issue of fact and the Supreme Court erred in disposing of the issue summarily without a trial (CPLR 7804 [h]; 409 [b]; *see, Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250, 255). We remand, therefore, for such a hearing on the issue of oral notice. Concur—Sullivan, J. P., Asch, Ellerin and Smith, JJ.