In the Matter of WINIFRED MURRAY, Appellant, v NEW YORK STATE DEPARTMENT OF MENTAL HEALTH et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to reinstate the petitioner to her position as a psychiatric nurse, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered July 8, 1987, as, upon renewal, adhered to the original determination dismissing the petition.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, a psychiatric nurse, was employed at the Hudson River Psychiatric Center for 16 years. On November 20, 1985, disciplinary charges were lodged against her. Pursuant to the procedures set forth in the petitioner's employment contract, a settlement agreement was executed by the peti-

tioner and the director of the psychiatric facility. By the terms of that agreement, the petitioner was demoted and placed on a six-month conditional probation. The petitioner was thereafter notified on April 2, 1986 that her probationary period, which was scheduled to expire on May 20, 1986, was being extended to June 8, 1986, pursuant to 4 NYCRR 4.5 (f) to reflect the days which the petitioner had been absent from work during the prior four months. Thereafter, the petitioner became the subject of three reports alleging violations of the conditions of her probation occurring on April 30, May 1, and May 2, 1986. Following an investigation, the petitioner was notified on May 29, 1986 that her services were terminated effective June 6, 1986, due to her failure to comply with the conditions of her probation.

The petitioner subsequently instituted the instant proceeding pursuant to CPLR article 78 challenging her dismissal. The petitioner alleged that her six-month probationary period ended on May 20, 1986, and that, therefore, she had attained permanent status in her position and was entitled to the rights of a permanent employee under her employment contract and the Civil Service Law. By judgment dated January 6, 1987, the Supreme Court rejected the petitioner's arguments and dismissed the petition. The petitioner subsequently moved for renewal and, by judgment entered July 8, 1987, the Supreme Court granted renewal but adhered to its original determination.

We agree with the Supreme Court's determination that the petitioner's probationary period was properly extended to reflect her absences (see, Matter of Schwartz v Cuomo, 111 AD2d 759). Moreover, the petitioner's contention that the termination of her employment was arbitrary and capricious is unavailing. It is well established that the services of a probationary employee may be terminated without a hearing and without specific reasons being given and, in the absence of a showing of bad faith, the dismissal must be upheld (see, Matter of Giannandrea v Meehan, 117 AD2d 806; Matter of Ostoyich v State of New York, 99 AD2d 839). The evidence in this case established that the termination of the petitioner's employment was made in good faith and therefore must be upheld. Mollen, P. J., Spatt, Sullivan and Rosenblatt, JJ., concur.