■ In the Matter of DANIEL RIVOLI, Appellant, v HENRY STERN, as Parks and Recreation Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered February 8, 1989, dismissing the petition, unanimously affirmed, without costs.

The record refutes petitioner's initial claim that he was a permanent civil service employee at the time of his dismissal from his position with the New York City Department of Parks and Recreation. During petitioner's one-year probationary term, between January 1, 1987 and December 31, 1987, he took eight days and six hours of annual leave and 3½ days of sick leave. Pursuant to rule 5.2.8. of the Rules and Regulations of the City Personnel Director, the probationary period

is extended by the number of working days petitioner was on leave *(see, Tomlinson v Ward,* 110 AD2d 537, 538, *affd* 66 NY2d 771). Thus, when petitioner agreed to extend his probation on January 12, 1988, his probationary period had not yet expired because he had taken more than 12 days' leave during his one-year probation.

Consequently, as a probationary employee, petitioner's employment was subject to being terminated without a hearing and without any reasons stated therefor *(Matter of York v McGuire,* 63 NY2d 760, 761). In challenging his dismissal, petitioner has the burden of establishing by competent evidence that his termination was made in bad faith, i.e., for constitutionally impermissible reasons or in violation of statute or policies established by decisional law *(Matter of Talamo v Murphy,* 38 NY2d 637, 639).

Affidavits by petitioner's supervisors established that petitioner became disgruntled and uncooperative following his transfer to St. John's Recreational Center in Brooklyn and that his work performance slipped to an unsatisfactory level. Indeed, petitioner, in a reply affidavit, acknowledged that he objected to his transfer to St. John's because of the resulting longer commute and its effect on his child-caring duties at home. In the face of evidence establishing good faith in petitioner's termination, no material issue of fact was raised by petitioner's unsubstantiated, unconvincing rebuttal claims of satisfactory job performance *(see, Matter of Johnson v Katz,* 58 NY2d 649). A hearing on the issue of bad faith was not required and the petition was properly dismissed. Finally, we note that the findings by the Unemployment Insurance Appeal Board are not dispositive of the issues raised in this appeal. *(See,* Labor Law § 623.) Moreover, the Appeal Board only went so far as to determine that petitioner's behavior did not amount to "misconduct". It did not comment on whether petitioner's work was satisfactory. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.