■ In the Matter of Joyce Skidmore, Appellant, v Catherine M. Abate, as Correction Commissioner of the City of New York, et al., Respondents. [624 NYS2d 12] —Judgment (denominated an order), Supreme Court, New York County (Robert Lippmann, J.), entered October 15, 1993, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination terminating petitioner's probationary employment as a correction officer, unanimously affirmed, without costs.

Petitioner was not entitled to a hearing prior to her termination since the probationary period of her employment had been automatically extended by one day for every day that

she was absent or on limited duty (Rules of City Personnel Director [59 RCNY Appendix A] §§ 5.2.1, 5.2.8 [a], [b]; Rules of Department of Correction § 3.20.015 [a], [b]; *see, Matter of Rivoli v Stern,* 160 AD2d 601), and thus had not been completed by the date of her termination. Nor has petitioner sustained her burden of showing that her termination was based on a perceived disability in violation of the anti-discrimination laws. Chronic absenteeism is a sufficient basis for terminating a probationary employee *(Nelson v Abate,* 205 AD2d 454), and even though the absenteeism was due to a disability, a discriminatory motive will not be inferred in the absence of proof that the absenteeism did not prevent the employee from reasonably performing the duties of the position (Executive Law § 292 [21]; *see, Matter of Dukelow v Lum,* 112 AD2d 302). Concur—Sullivan, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.