■ In the Matter of MALINDA SHEFFIELD, Respondent, v ELIN M. HOWE et al., Appellants. [636 NYS2d 128] —In a proceeding pursuant to CPLR article 78 to review a determination of James Shea, Director of the Westchester Developmental Disabilities Services Office, dated May 19, 1992, which terminated the petitioner's probationary appointment as a developmental aide, the appeal is from a judgment of the Supreme Court, Westchester County (Lange, J.), entered April 21, 1994, which granted the petition and annulled the determination, and denied the respondents' motion to dismiss the petition.

Ordered that the judgment is reversed, on the law, with costs, the respondents' motion is granted, the determination is confirmed, and the petition is dismissed, on the merits.

The petitioner commenced her probationary term of employment on November 14, 1991. The 26 week probationary term would normally have expired on May 14, 1992. The appellants assert, however, that this deadline was extended until May 28, 1992. The appellants therefore argue that the petitioner's termination as of May 28, 1992, without a hearing, was lawful.

4 NYCRR 4.5 (g) provides as follows: "Any periods of authorized or unauthorized absence aggregating up to 10 workdays during the probationary term, or aggregating up to 20 workdays if the probationary term or maximum term exceeds 26 weeks, may, in the discretion of the appointing authority,

be considered as time served in the probationary term * * * The minimum and maximum periods of the probationary term of any employee shall be extended by the number of workdays of his absence which, pursuant to this subdivision, are not counted as time served in the probationary term."

In this case, the appellants interpret the terms of 4 NYCRR 4.5 (g) to include within the petitioner's probationary term three days which were the "workdays" of December 23, 1991, February 15, 1992, and February 16, 1992, on which the petitioner was absent. The petitioner argues, and the Supreme Court found, that these three absences occurred not on "workdays" but rather on "authorized holidays" in that these three days were "in lieu of" three contractual holidays, i.e., Thanksgiving, New Year's Day, and Lincoln's Birthday. Thus, the court held that the plaintiff's probationary term would not have been extended beyond May 25, 1992, and that her dismissal without a hearing was therefore improper. We disagree with this conclusion.

The appellants essentially interpret the term "workdays", as it appears in 4 NYCRR 4.5 (g), as including all of those days when the petitioner's presence would normally have been required. Thus, the three days noted above would be considered "workdays", even though the petitioner might have been authorized to be absent on these days solely in recognition of her having agreed to work on three contractual holidays. This interpretation of the rule is not irrational, and should therefore be upheld (see, e.g., Matter of Howard v Wyman, 28 NY2d 434; McGowan v Burstein, 71 NY2d 729; Matter of Henry v Coughlin, 214 AD2d 673). Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.