■ In the Matter of MICHELE GLENN, Appellant, v STATE UNIVERSITY OF NEW YORK, PURCHASE COLLEGE, et al., Respondents-Respondents, et al., Respondent. [663 NYS2d 633] —In a proceeding pursuant to CPLR article 78 to review a determination of the State University of New York at Purchase which terminated the petitioner's employment as a Secretary 1, the petitioner appeals from so much of a judgment of the Supreme Court, Westchester County (Smith, J.), entered January 10, 1997, as dismissed the first and second causes of action asserted in the petition.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the petitioner's contention, the Supreme Court properly found that the respondents had substantially complied with 4 NYCRR 4.5 (b) (5) (iii), which requires that a probationary employee who is to be discharged from employment for unsatisfactory service receive written notice at least one week prior to the date of termination of the employment. It is well settled that "the primary purpose of civil service laws and rules is to promote the good of the public service, which purpose is not to be frustrated by technical or narrow constructions"

(*Matter of Rosenberg v Wickham,* 36 AD2d 881, 882; *see also, Matter of Harper v Director of Bronx Dev. Ctr.,* 134 AD2d 197; *Reilly v Shaw,* 81 AD2d 610). Here, while the respondents did not fully comply with the notice provision, the petitioner was given oral notice of her discharge from her employment five business days prior to the effective date of her discharge. In addition, although it is not clear from the record that the petitioner was given written notice of her termination on the same date that she received oral notification, the petitioner did subsequently receive written confirmation of her termination prior to the expiration of her probationary period, which had been extended an additional seven days pursuant to 4 NYCRR 4.5 (g). Furthermore, the petitioner had been previously notified orally and in writing of her unsatisfactory performance, and warned of the possibility of termination. Under these circumstances, the respondents substantially complied with the civil service regulation (*see, Matter of Harper v Director of Bronx Dev. Ctr., supra; Matter of Rosenberg v Wickham, supra*).

The petitioner's remaining contentions are without merit. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.