OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On October 14, 1992, petitioner Karen Garcia, a probationary officer in the New York City Police Department, was placed on modified duty pending an internal investigation into alleged misconduct on her part relating to a July 18, 1992 homicide at a Queens nightclub. After investigation of the incident, on December 29 and 30, 1993 the Department preferred charges against her. On January 10, 1994, her employment was terminated.
Petitioner commenced this CPLR article 78 proceeding, contending that because tenure on modified duty was part of her two-year probationary period, she was no longer a probationary employee at the time of her termination and was therefore entitled to a pretermination hearing (Civil Service Law § 75). Supreme Court agreed and ordered her reinstated, but a divided Appellate Division reversed. Because we agree with the Appellate Division majority that petitioner’s time on modified duty did not count as part of her probationary period, we now affirm.
Rule 5.2.8 (b) of the Rules and Regulations of the City Personnel Director* provides:
"Notwithstanding the provisions of paragraphs 5.2.1, 5.2.2, and 5.2.8 (a), the probationary term is extended by the number of days when the probationer does not perform the duties of the position, for example: limited duty status, annual leave, sick leave, leave without pay, or use of compensatory time earned in a different job title; provided, however, that the agency head may terminate the employment of the probationer at any time during *993 any such additional period (former 59 RCNY Appendix A, rule 5.2.8 [b]).”
Petitioner asserts that because rule 5.2.8 (b) does not specify modified duty, and because modified duty is different from the enumerated categories, it does not extend the probationary period. The words "for example,” however, signal that the categories set forth in the rule, applicable to all City employees, were merely illustrative and not exclusive (see, Matter of Tomlinson v Ward, 110 AD2d 537, 538, affd for reasons stated 66 NY2d 771). Further, while the period of modified duty may be uncertain in duration — not unlike the examples of limited duty or sick leave — modified duty does not extend the probationary period indefinitely, but only during the actual number of days petitioner remains on such duty.
Respondents’ rational interpretation of the rule comports with the requirement that the probationary period should be extended while probationer "does not perform the duties of the position” (55 RCNY 5.2.8 [b]). As set forth in the New York City Police Department Patrol Guide, the purpose of modified duty is to "assign a uniformed member of the service to non-enforcement duties pending determination of fitness to perform police duties” (New York City Police Department Patrol Guide § 118-12). A police officer placed on modified duty must surrender his or her shield, firearm and identification card, and cannot engage in police enforcement activities (see also, New York City Police Department Patrol Guide § 118-12).
To the extent the officer is thus restricted, he or she is not performing the duties of the position, and the appointing officer is denied the very purpose of the probationary period, which is "to ascertain the fitness of the probationer and to give the probationer a reasonable opportunity to demonstrate the ability to perform the duties of the office” (Matter of Tomlinson v Ward, 110 AD2d, at 538, supra). The restrictions of modified duty deprive the Department of a reasonable opportunity to evaluate a police officer’s ability to perform the complete range of duties of that office.
We cannot agree with the dissent that a probationary employee "is entitled to actual or reasonably discernible notice that * * * modified duty status extends [the] probationary period”. (Dissenting opn, at 994.) No constitutional, statutory or regulatory provision requires such notice. Nor did we find such a right in Tomlinson, where we held that time spent on jury service, although not specifically enumerated in the applicable rules, automatically extended the probationary period of a cor *994 rection officer. Indeed, rule 5.2.8 (b) explicitly overrides other provisions of the rules cited by the dissent in automatically extending the probationary term so as to assure that the public interest is protected by allowing the City two full years of performance of the duties of the position to assess the merit and fitness of such employees (see also, NY Const, art V, § 6).
Finally, at the time petitioner was placed on modified duty, with full salary and benefits, she could have been suspended or terminated without a hearing and without a stated reason (Matter of Antonsen v Ward, 77 NY2d 506, 512-513; Matter of Talamo v Murphy, 38 NY2d 637, 639). As the Appellate Division majority noted, it "would be incongruous in the extreme to require the Police Department to afford petitioner a hearing now because it chose, instead, to proceed cautiously and to complete its investigation before taking action. As a matter of public policy, the Police Department’s interpretation of rule 5.2.8 (b) is eminently sensible” (Matter of Garcia v Bratton, 225 AD2d 123, 127).

 Since this proceeding was commenced, the rule was reclassified as rule 5.2.8 (b) of the Department of Citywide Administrative Services (see, 55 RCNY 5.2.8 [b]).