■ In the Matter of CHRIS A. BECK, Respondent, v HANS WALKER, as Superintendent of Auburn Correctional Facility, et al., Appellants. [730 NYS2d 658] —Judgment unanimously reversed on the law without costs and amended petition dismissed. Memorandum: Supreme Court erred in granting the amended petition, annulling the determination terminating petitioner from employment as a correction officer and reinstating him in that position. Petitioner commenced this proceeding challenging the termination of his employment on June 17, 1997 for failure to complete his probationary period in a satisfactory manner. We reject the contention of petitioner that he was no longer a probationary employee at the time of his termination and that he therefore was terminated in violation of Civil Service Law § 75.

Petitioner was notified by letter in January 1997 that his probationary period had been extended until March 2, 1997 due to absences from work, and he received no other notification that his probationary period had been extended. Contrary to the contention of petitioner, however, the initial calculation of his probationary period set forth in the January 1997 letter was in error because it failed to comply with directive No. 2219 of the New York State Department of Correctional Services, the validity of which he does not contest. Pursuant to that directive, petitioner's probationary period should have been extended one workday for every workday he missed (*see,* 4 NYCRR 4.5 [g]). Because the January letter was issued based upon an administrative error, respondents were not bound by it (*see, Matter of McLaughlin v Berle,* 71 AD2d 707, 708, *affd*

51 NY2d 917; *see also, Morley v Arricale*, 66 NY2d 665, 667). Petitioner's continued absence from work even after issuance of the January 1997 letter automatically extended the probationary period beyond June 17, 1997 (*see, Matter of Garcia v Bratton*, 90 NY2d 991, 994; *Matter of Skidmore v Abate*, 213 AD2d 259, 259-260; *Matter of Dawson v New York City Tr. Auth.*, 115 AD2d 477), and no notice of that extension was required (*see, Matter of Garcia v Bratton, supra*, at 993). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—CPLR art 78.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.