■ In the Matter of KENNETH SMITH, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent. [739 NYS2d 666] —Order, Supreme Court, New York County (Michael Stallman, J.), entered February 21, 2001, which denied petitioner's application, brought pursuant to CPLR article 78, to annul the termination of his employment and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner remained a probationary employee at the time of his dismissal since his probationary period was extended by the number of days that he was absent from duty (*see, Matter of Skidmore v Abate*, 213 AD2d 259, 260; *Tomlinson v Ward*, 110 AD2d 537, 538, *affd* 66 NY2d 771; Department of Correction Rules and Regulations § 3.30.20 [b]), and, in view of petitioner's probationary status, he was not entitled to a pretermination hearing (*see, Skidmore v Abate, supra*). Contrary to petitioner's contention, he was not entitled to personal notice that his probationary period had been extended by his absences (*see, Matter of Garcia v Bratton*, 90 NY2d 991, 993; *Matter of Beck v Walker*, 286 AD2d 996). Petitioner was on notice that his probationary period would be extended by his absences since he signed a form acknowledging this and other conditions of his probation.

The court properly upheld petitioner's dismissal. "It is well settled that a provisional or probationary employee may be

discharged for any or no reason at all in the absence of a showing that his or her dismissal was in bad faith, for a constitutionally impermissible purpose or in violation of law" (*Matter of Brown v City of New York*, 280 AD2d 368, 370, citing *Matter of Swinton v Safir*, 93 NY2d 758, 762-763). Petitioner has failed to sustain his burden to demonstrate that his dismissal was in bad faith (*see, Matter of Dash v Brown*, 199 AD2d 41, 42, *lv denied* 83 NY2d 753). Concur—Williams, J.P., Mazzarelli, Andrias, Lerner and Marlow, JJ.