■ In the Matter of CARLOS ORTIZ, Appellant, v MANHATTAN PSYCHIATRIC CENTER et al., Respondents. [811 NYS2d 390]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered January 13, 2005, which denied the petition to annul respondents' determination terminating petitioner's employment, unanimously affirmed, without costs.

Respondents properly extended petitioner's probationary period to reflect his absences (*see* 4 NYCRR 4.5 [g]; *Matter of Reis v New York State Hous. Fin. Agency*, 74 NY2d 724 [1989]; *Matter of Beck v Walker*, 286 AD2d 996, 997 [2001]). Contrary to petitioner's argument, 4 NYCRR 4.5 (g) is applicable to disciplinary probations (*see Matter of Murray v New York State Dept. of Mental Health*, 151 AD2d 763 [1989]). The Umpire's determination placing petitioner on disciplinary probation for a period of one year did not preclude respondents from extending the probationary period pursuant to 4 NYCRR 4.5 (g) to reflect petitioner's absences. Petitioner was thus a probationary employee at the time of his termination. In view of the record showing that petitioner violated the terms of his probation by accruing more than six unscheduled absences during the probationary period, he is unable to demonstrate that his dismissal was in bad faith (*see Matter of Jones v New York City Health & Hosps. Corp.*, 5 AD3d 338 [2004]). Concur—Buckley, P.J., Friedman, Marlow, Nardelli and McGuire, JJ.