Matter of Mogilski v Westbury Union Free Sch. Dist. (2018 NY Slip Op 01063)





Matter of Mogilski v Westbury Union Free Sch. Dist.


2018 NY Slip Op 01063


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-00988
 (Index No. 5215/16)

[*1]In the Matter of Anthony Mogilski, appellant,
v
Westbury Union Free School District, et al., respondents.


Cooper, Sapir & Cohen, P.C., Melville, NY (David M. Cohen of counsel), for appellant.
Lamb & Barnosky, LLP, Melville, NY (Matthew J. Mehnert and Alyson Mathews of counsel), for respondents.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered December 7, 2016. The judgment, in effect, denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to, among other things, reinstate the petitioner to his position of Supervisor of School Facilities and Operations for the Westbury Union Free School District.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, and the respondents are directed to reinstate the petitioner to his position of Supervisor of School Facilities and Operations for the Westbury Union Free School District with back pay and all benefits of his employment.
On September 21, 2015, the petitioner was hired by the respondents, Westbury Union Free School District, Board of Education of the Westbury Union Free School District (hereinafter the Board of Education), and Mary A. Lagnado, Superintendent of Schools of the Westbury Union Free School District (hereinafter collectively the District), as a Supervisor of School Facilities and Operations. The position came with a 26-week probationary period which was scheduled to end on March 21, 2016. On February 2, 2016, the District informed the petitioner that his probationary period was being extended for 12 days due to school closings for holidays, which, according to a letter sent by Lagnado to the petitioner, extended the probationary term until April 6, 2016. The District's request for the extension was approved by the Nassau County Civil Service Commission (hereinafter the Commission). On March 28, 2016, the Board of Education adopted a resolution terminating the petitioner's employment "effective the last day of his probationary period, which is March 29, 2016." A termination of employment letter was delivered to the petitioner on March 29, 2016. According to an affidavit by Lagnado, that same day, the District was informed by the Commission that it had incorrectly authorized the extension for 12 days when the extension should have been 6 days, thereby making the petitioner's probationary term end on March 29, 2016.
The petitioner commenced this proceeding pursuant to CPLR article 78 to reinstate him to his position, alleging that the District exceeded its jurisdiction, and acted arbitrarily and capriciously and irrationally in extending his probation. Specifically, the petitioner asserted that Rule XIX.2 of the Commission, which requires a probationer's term to be extended for authorized or unauthorized absences on "workdays," does not authorize an extension for school closings on holidays. The petitioner also contended that the District failed to give him at least one week notice of his termination as required by Rule XIX.6 of the Commission. The District answered the petition and contended that the 12-day extension was proper and necessary to give it a full 26-week observation of the petitioner's work. The District noted that the extension was approved by the Commission. The District also contended that it "substantially complied" with the one-week notice requirement because it was operating under the belief that the petitioner's probation ended April 6, 2016, until the Commission notified it of its error.
The Supreme Court denied the petition and dismissed the proceeding upon determining it was not capricious, unreasonable, or an abuse of discretion for the District to treat "holiday" school closings the same as sick leave, vacation, and jury duty for purposes of extending a probationer's term. The court also determined, in effect, that the District substantially complied with the one-week notice requirement because the petitioner previously had been notified orally and in writing of his work deficiencies and neither alleged nor established prejudice as a result of the short notice. The petitioner appeals, and we reverse.
The plain language of Rule XIX.2 indicates that it is proper to extend a probationary term by the number of "workdays" an employee is "absent" or "workdays" an employee missed due to sick leave, vacation, or jury duty (see Matter of Murray v New York State Dept. of Mental Health, 151 AD2d 763; Matter of Schwartz v Cuomo, 111 AD2d 759; Matter of Mathis v New York State Dept. of Correctional Servs., 81 AD3d 1435; Matter of Fischer v Hongisto, 75 AD2d 973). Indeed, this Court previously has stated that it is rational to interpret "workdays" to include "all of those days when the petitioner's presence would normally have been required" (Matter of Sheffield v Howe, 223 AD2d 544, 545). A school closing due to a holiday is not a day when the petitioner's presence would normally have been required. Accordingly, the District's interpretation of Rule XIX.2 is irrational and the extension of the petitioner's probationary period was improper.
Further, contrary to the District's contentions, it did not substantially comply with the one-week written notice of termination requirement of Rule XIX.6. Prior decisions have established that substantial compliance existed where the employee received written notice prior to the date of termination and received oral notification of poor performance prior to termination (see Matter of Schuman v Westchester County Health Care Corp., 304 AD2d 585; Matter of Glenn v State Univ. of N.Y., Purchase Coll., 243 AD2d 712; Matter of Harper v Director of Bronx Dev. Ctr., 134 AD2d 197; Matter of Rosenberg v Wickham, 36 AD2d 881). Here, the District delivered the written notice of termination of the petitioner's employment on the day of the termination of the petitioner's employment. Further, there is insufficient evidence in the record that the petitioner was orally notified of his deficient performance prior to the termination of his employment.
In light of our determination, we need not reach the petitioner's remaining contention that the determination to terminate his employment was arbitrary and capricious.
LEVENTHAL, J.P., AUSTIN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court