Matter of Marshall v Simon (2018 NY Slip Op 02327)





Matter of Marshall v Simon


2018 NY Slip Op 02327


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-07529
 (Index No. 12266/15)

[*1]In the Matter of Evan Marshall, appellant, 
v
Dina Simon, etc., et al., respondents.


Evan Marshall, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction dated June 12, 2015, which terminated the petitioner's probationary employment as a correction officer, the petitioner appeals from a judgment of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 16, 2016, which denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction which terminated his probationary employment as a correction officer. The petitioner alleged, among other things, that his probationary period had ended prior to his termination, and that he was therefore entitled to certain protections under the Civil Service Law, which were not provided. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding.
A probationary employee may "be dismissed for almost any reason, or for no reason at all" (Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525; see Matter of Duncan v Kelly, 9 NY3d 1024, 1025; Matter of Swinton v Safir, 93 NY2d 758, 762-763; Matter of Mathis v New York State Dept. of Correctional Servs., 81 AD3d 1435, 1436). "The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (Matter of Lane v City of New York, 92 AD3d 786, 786; see Matter of Johnson v County of Orange, 138 AD3d 850, 851).
An employee's probationary term may be extended by the number of days that the probationary employee does not perform the duties of the position (see 4 NYCRR 4.5[g]; Matter of Beck v Walker, 286 AD2d 996, 996-997; Matter of Sheffield v Howe, 223 AD2d 544, 544-545; see also Personnel Rules and Regs of City of New York [55 RCNY] § 5.2.8; NYC Dept of Corr Rule 3.30.020[b]). "The purpose of excluding from the probationary term periods during which a probationer is not at work performing his or her duties is not punitive, but rather is the same as that underlying a probationary term in the first instance" (Tomlinson v Ward, 110 AD2d 537, 538, affd 66 NY2d 771). "It is designed to enable the appointing officer to ascertain the fitness of the probationer and to give the probationer a reasonable opportunity to demonstrate the ability to [*2]perform the duties of the office" (id. at 538). "The period should be measured by the number of days a probationer is actually working at the job" (id.).
Here, the record demonstrates that the petitioner's probationary period was properly extended for 25 days to reflect his absences from work (see 4 NYCRR 4.5[g]; Personnel Rules and Regs of City of NY [55 RCNY] § 5.2.8; NYC Dept of Corr Rule 3.30.020[b]; see also Matter of Garcia v Bratton, 90 NY2d 991, 993-994; Matter of Smith v New York City Dept. of Correction, 292 AD2d 198, 198). The petitioner's termination therefore occurred while he was a probationary employee (see Matter of Ortiz v Manhattan Psychiatric Ctr., 27 AD3d 310, 310; Matter of Skidmore v Abate, 213 AD2d 259, 259-260; Matter of Rivoli v Stern, 160 AD2d 601; Tomlinson v Ward, 110 AD2d at 538). Since the petitioner did not demonstrate, or even adequately allege, that he was terminated in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (see Matter of Johnson v County of Orange, 138 AD3d at 851; Matter of Lane v City of New York, 92 AD3d at 786), the Supreme Court properly denied the petition and dismissed the proceeding.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court