Matter of Gagedeen v Ponte (2019 NY Slip Op 02093)





Matter of Gagedeen v Ponte


2019 NY Slip Op 02093


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-07245
 (Index No. 7803/16)

[*1]In the Matter of Kristofer Gagedeen, appellant,
v
Joseph Ponte, etc., et al., respondents.


Kristofer Gagedeen, New York, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Department of Correction dated February 29, 2016, which terminated the petitioner's probationary employment as a correction officer, the petitioner appeals from a judgment of the Supreme Court, Queens County (Howard G. Lane, J.), entered May 9, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
On May 16, 2013, the petitioner was appointed as a New York City Correction Officer, subject to a two-year probationary period, during which time his employment could not be terminated until at least two months of that probationary period had elapsed. In a determination dated February 29, 2016, the respondent New York City Department of Correction, by First Deputy Commissioner Dina Simon, terminated the petitioner's probationary employment. The petitioner was informed of this determination, effective March 2, 2016, in a letter from Claudette Wynter, Acting Deputy Commissioner for Human Resources, dated March 2, 2016.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 against the City of New York and the New York City Department of Correction, among others (hereinafter collectively the City), to review the determination terminating his employment. The petitioner alleged, among other things, that his probationary period had ended prior to the termination of his employment, and that he was therefore entitled to certain protections under the Civil Service Law, which were not provided. The petitioner further alleged that the Acting Deputy Commissioner for Human Resources did not have the authority to terminate his employment, and that only the Commissioner of the Department of Correction was vested with the authority to terminate his employment. In response, the City maintained that the petitioner was a probationary employee at the time his employment was terminated because his two-year probationary period was extended by the number of days that he was required to work but was absent, and by the petitioner's agreement to further extend his probationary period for six months based upon his attendance, punctuality, and disciplinary records. The City further alleged that on December 7, 2015, the Commissioner of the Department of Correction delegated to First Deputy Commissioner Simon his authority to appoint and remove Department of Correction employees, and that on February 29, [*2]2016, First Deputy Commissioner Simon made a final determination to terminate the petitioner's probationary employment. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A probationary employee may "be dismissed for almost any reason, or for no reason at all" (Matter of Venes v Community School Bd. of Dist. 26, 43 NY2d 520, 525; see Matter of Duncan v Kelly, 9 NY3d 1024, 1025; Matter of Swinton v Safir, 93 NY2d 758, 762-763; Matter of Mathis v New York State Dept. of Correctional Servs., 81 AD3d 1435, 1436). "The employment of a probationary employee may be terminated without a hearing and without a statement of reasons in the absence of a demonstration that the termination was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law" (Matter of Lane v City of New York, 92 AD3d 786, 786; see Matter of Johnson v County of Orange, 138 AD3d 850, 851).
Contrary to the petitioner's contention, his appointment did not become permanent upon the completion of the minimum two-month period of probation set forth in the Personnel Rules and Regulations of the City of New York. The two-month period was simply the beginning portion of the petitioner's two-year probationary term and refers only to the minimum period of service which a probationary employee must serve prior to any termination for unsatisfactory conduct and performance. The Department of Correction was not required to provide the petitioner with written notice that his probationary term would be continued after the completion of that two-month period (see Personnel Rules and Regs of City of NY [55 RCNY Appendix A] ¶¶ 5.2.1[a]; 5.2.7[a], [c]; cf. Matter of Albano v Kirby, 36 NY2d 526). Further, a period of probationary employment is " measured by the number of days a probationer is actually working at the job'" (Matter of Marshall v Simon, 160 AD3d 648, 649, quoting Tomlinson v Ward, 110 AD2d 537, 538; see Matter of Boyle v Koch, 114 AD2d 78, 80), and "may be extended by the number of days that the probationary employee does not perform the duties of the position" (Matter of Marshall v Simon, 160 AD3d at 649). We agree with the Supreme Court's determination that the termination of the petitioner's employment occurred while he remained a probationary employee (see Personnel Rules and Regs of City of NY [55 RCNY Appendix A] ¶ 5.2.8; NY City Dept of Corr rule 3.30.020; Matter of Marshall v Simon, 160 AD3d at 649; Matter of Skidmore v Abate, 213 AD2d 259, 259-260; Matter of Rivoli v Stern, 160 AD2d 601; Matter of Murray v New York State Dept. of Mental Health, 151 AD2d 763, 764). Consequently, termination of the petitioner's employment without notice of charges, a statement of reasons, or a hearing pursuant to Civil Service Law § 75 was proper (see Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 816; Matter of Bonacci v Quinones, 124 AD2d 659, 660).
The petitioner failed to demonstrate that the termination of his employment during the probationary period was in bad faith, for a constitutionally impermissible or an illegal purpose, or in violation of statutory or decisional law (see Matter of Meighan v Ponte, 164 AD3d 504, 505). Contrary to the petitioner's assertion, the Commissioner of the Department of Correction properly delegated to First Deputy Commissioner Simon his authority to appoint and remove Department of Correction employees (see Personnel Rules and Regs of City of NY [55 RCNY Appendix A] ¶ 5.2.7[a]; NY City Charter §§ 621, 815[f]; 1101). The record demonstrates that First Deputy Commissioner Simon made the determination to terminate the petitioner's probationary appointment on February 29, 2016, based at least in part on evidence demonstrating that the petitioner was arrested and facing criminal charges for domestic violence. The petitioner's contention that the March 2, 2016, letter informing him of the determination that his probationary employment had been terminated was invalid because, inter alia, it was not signed by the Commissioner or First Deputy Commissioner Simon is without merit (see Matter of Meighan v Ponte, 164 AD3d at 506; Matter of Sabella v Malcolm, 51 AD2d 529, 529). Further, the fact that the criminal charges filed against the petitioner were subsequently dismissed on speedy trial grounds did not demonstrate that the Department of Correction terminated the petitioner's probationary employment in bad faith (see Matter of Wellington v City of New York, 125 AD3d 420, 421; Matter of Holmes v Sielaff, 182 AD2d 557, 558; see also Oberson v City of New York, 232 AD2d 172, 173).
The petitioner's remaining contentions are either not properly before this Court or [*3]without merit.
Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court