Matter of Aroca v Bratton (2019 NY Slip Op 03277)





Matter of Aroca v Bratton


2019 NY Slip Op 03277


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9117 101445/16

[*1]In re Alma Aroca, Petitioner-Appellant,
v
William J. Bratton, etc., et al., Respondents-Respondents.


Worth, Longworth & London, LLP, New York (Howard B. Sterinbach of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered October 25, 2017, denying the petition to annul respondents' determination, dated June 14, 2016, which terminated petitioner's employment as a probationary police officer, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the judgment vacated and the petition granted to the extent of remanding the matter for further proceedings consistent herewith.
Petitioner was appointed as a probationary police officer in July 2012 following her service in the military. In February 2014, before her two-year probationary period had been completed, petitioner was placed on "restricted duty," after respondents became aware of facts suggesting she had not disclosed aspects of her history of mental health diagnoses and treatment on application forms. While in that status, the term of petitioner's probationary period was extended (55 RCNY 5.2.8[b]).
In August 2014, petitioner was again deployed on military duty and was placed on military leave by respondent New York City Police Department. While petitioner was overseas, respondent Police Commissioner approved recommendations to terminate her probationary employment, and upon her return from military duty in June 2016, she was informed that her probationary employment was summarily terminated.
Petitioner contends that respondents could not summarily terminate her employment because she was entitled, under Military Law § 243(9), to receive credit for the time she was on military duty. Crediting her military service as satisfactory probationary service, she had completed her probation before she returned and became entitled to the Civil Service Law protections applicable to tenured police officers, including a hearing before being terminated.
Under New York City personnel rules, "[s]ubject to the provisions of the [M]ilitary [L]aw," the computation of a probationary period is based on time the employee is "on the job in a pay status" (55 RCNY 5.2.2[b]). The personnel rules further provide that, notwithstanding rule 5.2.2, the probationary period will be extended while a probationer "does not perform the duties of the position" (55 RCNY 5.2.8[b]) for instance, while on limited duty status (see Matter of Garcia v Bratton, 225 AD2d 123, 125 [1st Dept 1996], affd 90 NY2d 991 [1997]; see also Matter of Bifolco v Kelly, 79 AD3d 544 [1st Dept 2010], lv denied 16 NY3d 710 [2011]). These rules are expressly subject to Military Law § 243(9), which provides, in pertinent part, that if a probationary employee is deployed on military duty before the expiration of his or her probationary period, "the time [she] is absent on military duty shall be credited as satisfactory service during such probationary period."
Military Law § 243(9) is unambiguous in providing that respondents are required to credit the period that probationary officers spend in military service as "satisfactory service" towards completion of the probationary period. The statute does not distinguish between probationers on restricted or modified duty and those on full duty status at the time of deployment, or give respondents discretion to distinguish between types of probationers (see Matter of Woods v New [*2]York City Dept. of Citywide Admin. Servs., 16 NY3d 505, 509 [2011]).
Contrary to respondents' contentions, there is no inconsistency between rule 5.2.8(b), which applies when a probationer is still "on the job in a pay status," but has been placed on restricted duty, and Military Law § 243(9), which applies when a probationer is on military leave. If the personnel rules were to be read as respondents urge, in a manner inconsistent with the Military Law, then they would be unauthorized and preempted by the state law (see Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, 329-330 [1st Dept 1962], affd 12 NY2d 998 [1963]; see also Eric M. Berman, P.C. v City of New York, 25 NY3d 684, 690 [2015]).
We point out that our decision does not foreclose further action by respondents.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK