Matter of Banton v Brann (2020 NY Slip Op 01007)





Matter of Banton v Brann


2020 NY Slip Op 01007


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11005 100187/18

[*1] In re Lamont Banton, Petitioner-Appellant,
v
Cynthia Brann, etc., et al., Respondents-Respondents.


Lamont Banton, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered August 24, 2018, denying the petition to annul respondents' determination, dated October 17, 2017, which discontinued petitioner's probationary promotion, and to reinstate him to the title of correction captain with back pay and benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner remained a probationary employee at the time respondent Department of Correction demoted him to his permanent title of correction officer. Petitioner had agreed and consented to extend his probationary period for six months based on an evaluation of his work performance during his original one-year probationary period and agreed to further automatic day-for-day extensions based on the number of days that he was absent or on limited duty (see Matter of Skidmore v Abate, 213 AD2d 259 [1st Dept 1995]). In view of his probationary status, petitioner was not entitled to a hearing (see id. at 259-260; Civil Service Law § 75).
Furthermore, a probationary employee may be demoted without a hearing for any reason or no reason at all, as long as the demotion was not unlawful or in bad faith (see generally Matter of Finkelstein v Board of Educ. of the City Sch. Dist. of the City of N.Y., 150 AD3d 464, 465 [1st Dept 2017]). Evidence supporting the conclusion that petitioner's performance was unsatisfactory establishes that the demotion was not made in bad faith (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]). Here, petitioner alleged no facts to show that his demotion from the probationary position as a correction captain to a correction officer was for an improper reason. Rather, the record shows that petitioner's demotion was based on his numerous use-of-force incidents following his promotion, failure to supervise and use alternative conflict resolution methods, and an inaccurate
written account of an incident (see Matter of Cohen v Koehler, 82 NY2d 882, 884 [1993]; Matter of Johnson, 68 NY2d at 650).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK