Matter of Russell v New York State Ins. Fund (2020 NY Slip Op 01717)





Matter of Russell v New York State Ins. Fund


2020 NY Slip Op 01717


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11268 155344/16

[*1] In re James C. Russell, Petitioner-Appellant,
v
New York State Insurance Fund, et al., Respondents-Respondents.


James C. Russell, appellant pro se.
Letitia James, Attorney General, New York (Eric R. Haren of counsel), for respondent.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 27, 2017, denying the petition to annul respondent New York State Insurance Fund's determinations, dated September 23, 2015 and February 12, 2016, which, respectively, required petitioner to serve a second probationary period as a hearing representative, and "reverted" him to his previous position of claims service representative due to unsatisfactory performance, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This proceeding, commenced on June 24, 2016, is untimely as to respondents' September 23, 2015 determination (CPLR 217[1]; 3211[a][5]). Respondents' pre-answer motion to dismiss for failure to state a cause of action, i.e., CPLR 3211(a)(7), did not effect a waiver of the statute of limitations ground for dismissal (CPLR 3211[a][5]) (see Hertz Corp. v Luken, 126 AD2d 446, 448 [1st Dept 1987]; CPLR 3211[e]). In any event, the petition was correctly denied on the merits.
The record demonstrates that respondent Fund did not violate lawful procedure. The initial probationary period commenced when petitioner began to serve, due to the imposition of a leave of absence (Department of Civil Service Rules [4 NYCRR] § 4.5[a], [b][1], [g]; State Personnel Management Manual § 2010.2.234[A]; see Matter of Reis v New York State Hous. Fin. Agency, 74 NY2d 724 [1989]). During both probationary periods, the Fund complied with the requirement of 4 NYCRR 4.5(b)(5)(iii) to provide feedback to petitioner "from time to time" (see Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, 40 NY2d 487, 495 [1976]; see also Matter of Green v Commissioner of Envtl. Conservation of State of N.Y., 105 AD2d 1037 [3d Dept 1984] [additional probationary period, not reinstatement, is remedy for noncompliance with 4 NYCRR 4.5(b)(5)(iii)]). This compliance included a period of five months of counseling petitioner against submitting late hearing reports. Petitioner had no right "clearly conferred by statute or by rules" to two weeks' notice of his performance review or of the determination requiring him to serve a second probationary period (see Matter of King v Sapier, 47 AD2d 114, 116 [4th Dept 1975], affd 38 NY2d 960 [1976]; see 4 NYCRR 4.5[b][5][ii]-[iii]). Further, the Fund appropriately gave petitioner more than one week's notice of termination and reversion to his previous position (4 NYCRR 4.5[b][5][iii]; Matter of Harper v Director of Bronx Dev. Ctr., 134 AD2d 197 [1st Dept 1987]).
Petitioner failed sufficiently to allege that his reversion to his former position was due to bad faith or discrimination on the Fund's part (see Matter of Finkelstein v Board of Educ. of the City Sch. Dist. of the City of N.Y., 150 AD3d 464, 465 [1st Dept 2017], quoting Matter of Swinton v Safir, 93 NY2d 758, 762-763 [1999]). Rather than asserting "uncontradicted allegations present[ing] a substantial issue of bad faith" (Matter of Castro v Schriro, 140 AD3d 644, 648 [1st Dept 2016], affd 29 NY3d 1005 [2017]), petitioner annexed extensive documentary evidence supporting a finding of unsatisfactory performance for repeatedly submitting or [*2]amending hearing reports in an untimely fashion (see Matter of Johnson v Katz, 68 NY2d 649, 650 [1986]). Similarly, his allegations of discrimination relied upon one stray remark concerning a different employee (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 125 [1st Dept 2012]) and conclusory allegations concerning another employee's poor performance (cf. Shah v Wilco Sys., Inc., 27 AD3d 169, 177 [1st Dept 2005] [dismissing claim of disparate pay where plaintiff failed to establish that individuals being compared were similarly situated in all material respects], lv dismissed in part, denied in part 7 NY3d 859 [2006]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK